IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUHTAMAKI FOODSERVICE, INC.,

    Plaintiff,                       No. CIV S-04-1494 LKK JFM

    vs.

AMERIPRIDE SERVICES, INC., et al.,

    Defendants.                ORDER

_____/

AMERIPRIDE SERVICES, INC.,
A Delaware Corporation,

    Plaintiff,                       No. CIV S-00-0113 LKK JFM

    vs.

VALLEY INDUSTRIAL SERVICE, INC.,
a former California corporation, et al.,

    Defendants.                ORDER

_____/

These cases were consolidated for discovery purposes by district court order filed September 15, 2005. Plaintiff Huhtamaki and Defendant AmeriPride's motions to compel came on regularly for hearing October 20, 2005. Plaintiff Huhtamaki was represented by Stephen J. Darmody. Scott J. Kaplan, Lee N. Smith and Lilly Santaniello appeared for defendant Ameripride. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

1    In light of the district court's order consolidating the two actions captioned above,
2    the discovery cut-off for both actions is now May 16, 2006.[1]  It is apparent from the joint
3    discovery stipulation that these motions were prematurely brought with regard to every issue save
4    one.  During the scheduled argument, it was agreed that the premature motions would be
5    continued for hearing until December 8, 2005 at 11:00 a.m. before the undersigned.  Counsel
6    shall file a new joint discovery stipulation pursuant to Local Rule 37-251 no later than December
7    1, 2005.
8    The one issue to be resolved now was whether Ameripride could be required to
9    release financial statements and information in response to Huhtamaki's interrogatory and
10   request for production No. 14.  Counsel argued their positions on this issue and the court took the
11   matter under submission.
12   This action was brought under the Comprehensive Environmental Response,
13   Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et. seq.*, and raises various
14   state law claims as well.  CERCLA contains a particularized jurisdictional statement, which
15   provides that, except as otherwise provided, "the United States district courts shall have
16   exclusive original jurisdiction over all controversies arising under this chapter, without regard to
17   the citizenship of the parties or the amount in controversy." 42 U.S.C. § 9613(b).
18   The parties agree that California law controls the substance of this lawsuit.
19   Huhtamaki contends, however, that federal law controls the procedure by which the district court
20   oversees the litigation.  See Hanna v. Plumer, 380 U.S. 460, 473 (1965).  Ameripride, relying on
21   State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 418 (2003), argues that the financial
22   statements are not discoverable, that its financial records are privileged under state law, and that
23   state law controls here because Huhtamaki's punitive damages claims are based upon its state
24   law causes of action.

---

[1] See November 5, 2003 Status (Pretrial Scheduling) Order at 5.

1         Although state law will govern the substance of the claims between the parties
2 herein, this discovery dispute is procedural, and, being procedural, is governed by federal law.
3 Huhtamaki is entitled to the financial records of Ameripride to support the claim which it has
4 plead for punitive damages.  "When a punitive damages claim has been asserted by the plaintiff,
5 a majority of federal courts permit pretrial discovery of financial information about the defendant
6 without requiring plaintiff to establish a prima facie case on the issue of punitive damages."
7 CEH, Inc., FV Seafarer, 153 F.R.D. 491, 498 (D.R.I. 1994)(citations omitted).  Discovery of
8 financial records is allowed, "whether or not such evidence would be admissible at trial."  Oakes,
9 179 F.R.D. at 286, citing CEH, 153 F.R.D. at 498-99.  In addition, "one of the purposes behind
10 the broad federal discovery rules is to facilitate settlement, and such financial information is
11 valuable in assisting both sides in making a realistic appraisal of the case, and may lead to
12 settlement and avoid protracted litigation.  Oakes, 179 F.R.D. at 286, citing CEH, 153 F.R.D. at
13 499.

14         Ameripride's privacy concerns are addressed by the comprehensive protective
15 order issued herein on September 20, 2005.  However, this court will reduce the time frame
16 covered from 25 years to 10 years, and will require Ameripride to respond only as to its own
17 annual reports and/or financial statements.

18         The Supreme Court's ruling cited by Ameripride does not compel a different
19 result.  State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 418 (2003).  State Farm is
20 distinguishable both in terms of its procedural posture as well as the question at issue therein.
21 The Court in State Farm addressed the constitutionality of a $145 million punitive damages
22 award, holding that the punitive damages were awarded to condemn State Farm's nationwide
23 policies rather than its conduct directed toward the Campbells.  Id.  This court does not find that
24 the holding in State Farm precludes the court from ordering financial statements to be disclosed
25 in discovery under the Federal Rules.  Other courts have continued to order, under federal law,
26 disclosure of financial information in the context of punitive damages claims.  Sonnino v.

University Kansas Hosp. Authority, 220 F.R.D. 633 (D.Kan. 2004). In a Title VII claim for punitive damages, the Sonnino court stated, "[i]t is well settled that when a plaintiff alleges sufficient facts to claim punitive damages against a defendant, information regarding the defendant's net worth or financial condition is relevant because it can be considered in determining the amount of such damages." Id. at 654. In a Sherman Act case, 15 U.S.C. § 15, evidence of defendant's financial worth was found to be relevant and discoverable. Ferko v. National Ass'n for Stock Car Auto Racing, Inc., 218 F.R.D.125, 137-38 (E.D. Tex. 2003). Each of these cases issued post State Farm.

      Accordingly, IT IS HEREBY ORDERED that:

      1. Plaintiff Huhtamaki's October 3, 2005 motion to compel defendant Ameripride to answer interrogatory and request for production No. 14 is partially granted; within thirty days from the date of this order, Ameripride shall provide its last ten years' annual reports and/or financial statements to Huhtamaki, subject to the protective order issued in this case on September 20, 2005.

      2. The remainder of plaintiff Huhtamaki and defendant Ameripride's October 3, 2005 motion to compel is continued to December 8, 2005 at 11:00 a.m. in courtroom No. 26 before the undersigned. A new discovery stipulation, pursuant to Local Rule 37-251, setting forth the parties respective positions on any unresolved disputes shall be filed by the close of business on December 1, 2005.

DATED: October 25, 2005.

UNITED STATES MAGISTRATE JUDGE

/001
huhtamaki.oah