UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
AMERIPRIDE SERVICES, INC.,
A Delaware corporation,
                                            NO. CIV. S-00-113 LKK/JFM
         Plaintiff,

     v.

VALLEY INDUSTRIAL SERVICE, INC.,
a former California corporation,
et al.,

         Defendants.
_____/
AND CONSOLIDATED ACTION AND
CROSS- AND COUNTER-CLAIMS.
_____/
```

The matter is before the court on Huhtamaki Food Service, Inc.'s ("Huhtamaki" or "plaintiff") motion to strike defendant AmeriPride Services, Inc.'s ("AmeriPride") notice of seven rebuttal experts and the rebuttal expert report of Peter Mesard. In the alternative, Huhtamaki requests leave of the court to again depose Mesard, and to take the depositions of AmeriPride's seven designated rebuttal experts. AmeriPride opposes this motion. I

1

decide the matter based on the pleadings, the parties' papers, and after oral argument.

## I.

### BACKGROUND

On July 29, 2004, Huhtamaki brought suit against AmeriPride for losses arising out of contamination relating to its water supply wells. Huhtamaki's complaint contains seven causes of action: Cost recovery under CERCLA; cost recovery under the California Carpenter Presley-Tanner Hazardous Substance Account Act; public nuisance; private nuisance; trespass; negligence; and declaratory judgment.

The court issued a Status Order on December 10, 2004 in 04-1494, stating that discovery would close on December 6, 2005. On November 4, 2005, the court consolidated Civ. S-00-113 with Civ. S-04-1494. On December 13, 2005, the court vacated the discovery dates and reset the discovery deadline for both cases for May 15, 2006, making the deadline for the filing of expert reports and designation March 15, 2006. On February 22, 2006, the court granted the parties' stipulation to extend the deadline for designation of experts and for exchange of expert reports to April 7, 2006.

On April 7, 2006, the parties filed their designation of experts and expert reports pursuant to the court's order. Between May 1 and May 12, 2006, the parties deposed the experts in order to meet the court's May 15, 2006 discovery deadline. On April 17, 2006, AmeriPride's counsel notified Huhtamaki that it was

"contemplating an expert rebuttal extension until after the end of discovery . . . ."  Kaplan Dec., Ex. 7.

Huhtamaki's counsel, Stephen Darmody, "would not commit to extend the date for rebuttal expert disclosures" [beyond the close of discovery] but "asked that AmeriPride produce its rebuttal report(s) before the May 8 Federal Rules deadline."  Kaplan Dec. ¶ 6.  Darmody did not, at that point, state that rebuttal experts were barred by the Court's orders.  Opp'n at 4-5.  Due to some delays on the Court's CM/ECF system, AmeriPride left the rebuttal expert disclosures in the court's drop box on May 8.  Kaplan Dec. ¶ 7.  AmeriPride filed with the court a rebuttal expert report for Peter Mesard and "designated" seven other experts, but failed to file any reports as to those seven experts.

AmeriPride states that because Huhtamaki refused to extend the rebuttal expert deadlines, it acquiesced "to the May 8, 2006 rebuttal disclosure date" that both parties agreed to and that it worked on a schedule to meet that agreed-upon deadline, "incurr[ing] over $30,000 in fees in doing so."  Opp'n at 5. AmeriPride states that had Huhtamaki timely taken the position that rebuttal experts were barred by the Court's orders, AmeriPride would have "sought leave to amend these orders."  Opp'n at 6.

### A. EXPERT REBUTTAL REPORT AND DESIGNATIONS IN RESPONSE TO HUHTAMAKI'S DESIGNATED EXPERTS (ROBERT STOLLAR AND ANTHONY BROWN)

AmeriPride contends that its Mesard Expert rebuttal report and its seven expert designations are necessary to rebut the information disclosed after the depositions of environmental

engineer Robert Stollar and site assessor/building contractor Anthony Brown, two experts designated by Huhtamaki. AmeriPride states that its rebuttal expert reports and designations are not improper because it could not have anticipated the testimony of Stollar and Brown. AmeriPride explains that it had no way of previously knowing that Stollar, an environmental engineer, had no experience in the industrial laundry industry, which became apparent at his deposition. Opp'n at 3.

AmeriPride also explains that it had no way of knowing that Brown, a site assessor/building contractor, would offer his lay opinion as to how Huhtamaki's pumping of ground water would affect the groundwater plume. Mr. Brown stated in his deposition that Huhtamaki's pumping of hundreds of thousands of gallons of water every day from its water well did not significantly affect the groundwater plume. Id. To rebut the testimony of Brown and Stollar, AmeriPride wishes to submit Mesard's expert rebuttal report and to designate seven rebuttal experts.[1]

**II.**

**ANALYSIS**

Huhtamaki contends that AmeriPride attempted to "game the rules . . . by filing an unauthorized and improper expert rebuttal designation," which is "contrary to the Court's Rule 16 Scheduling

---

[1] The seven rebuttal experts designated by AmeriPride are: Frank Olszowy, Fraukh Moshen, Jeff Thuma, Cass Landon, Russ Greaver, Bernard Berry, and John Dankoff. Although some of these individuals have been previously deposed by AmeriPride or other parties in this litigation, none have been previously designated as experts by AmeriPride.

4

order . . . ." Pl.'s Mot. to Strike at 2. AmeriPride, on the other hand, insists that it was justified in filing the Mesard rebuttal report and the additional rebuttal expert designations because Huhtamaki's counsel "asked that AmeriPride produce its rebuttal report(s) before the May 8 Federal Rules Deadline," even though Huhtamaki refused an extension beyond the discovery cut off date. Opp'n at 4-5. AmeriPride contends that "Fed. R. Civ. P. 26(A)(2)(C) states that the rebuttal expert disclosures are due 30 days after initial expert disclosures, unless the Court orders a different date," and that "[t]he court did not order a different date." Opp'n at 5. AmeriPride's position is not defensible.

This court's Status Order filed on December 10, 2004 in 04-1494, the case at issue in this motion, provided that:

> all counsel are to designate in writing and file with the court and serve upon all other parties a final list of the names of all experts that they propose to tender at trial not later than sixty (60) days before the close of discovery herein established. Accompanying the designation shall be the written report specified in Fed. R. Civ. P. 26 A2B (emphasis supplied). All experts so designated are to be fully prepared to render an informed opinion at the time of <u>designation</u> so that they may fully participate in any deposition taken by the opposing party.

Indeed, Fed. R. Civ. P. 26(A)(2)(c) provides that, in the absence of a contrary court order, a party may disclose the identity of an expert whose testimony is intended only to contradict or rebut evidence offered by another party's expert thirty days after disclosure of the other party's expert. The court's status order made clear, however, that the parties were directed to follow a different time line and that the parties were

5

to disclose all experts at least 60 days before the close of discovery.[2]

The court notes that Huhtamaki may have misled AmeriPride into spending $30,000 more to prepare its rebuttal experts and the rebuttal report by "ask[ing] AmeriPride" to "produce its rebuttal report(s) before the May 8 Federal Rules deadline." Kaplan Dec. at 3.[3] As a result, AmeriPride relied on Huhtamaki's asserted misrepresentations to AmeriPride's detriment. This reliance was not justified as the status order was unambiguous in requiring the designation of all experts by a particular date.[4] Nevertheless, given what appears to be less than straight-forward litigation tactics on the part of Huhtamaki, and AmeriPride's reliance on plaintiff's request for reports, Huhtamaki's motion to strike as to Peter Mesard's rebuttal expert report is DENIED. Significantly, Mesard was previously designated and an expert report was filed on April 7, 2006. Mr. Mesard may rebut Brown's testimony at trial and AmeriPride may rely on the rebuttal expert report at trial. No

---

[2] In their papers, Huhtamaki stated that it was their position that rebuttal experts were not allowed. AmeriPride contends that "the Court's silence on the issue" does not equate into a "*sub silentio* opting out of the Federal Rules." Opp'n at 6. Why AmeriPride thinks that the Status Order using the words "all experts" is ambiguous or constitutes "silence" is not disclosed in their papers.

[3] Although Mr. Kaplan produced no other evidence besides his declaration stating that Huhtamaki did make these representations to AmeriPride, he "declare[ed] under penalty of perjury that the foregoing is true and correct."

[4] Although the original status order was amended, none of the subsequently issued orders amended the court's requirements as to the designation and disclosure of experts.

further deposition, however, shall be allowed as to Mr. Mesard.

As to the seven expert designations, Huhtamaki's motion to strike is GRANTED as to those experts. In addition to instructing the parties that <u>all</u> experts were to be designated 60 days before the close of discovery, the court's Status Order stated unambiguously that "[a]ccompanying the designation shall be the written report specified in Fed. R. Civ. P. 26 A2B." Even if the court allowed AmeriPride to designate seven rebuttal experts in contravention of the court's December 2004 status order, AmeriPride additionally violated the status order by failing to file expert reports for these seven experts. Huhtamaki's motion to strike these experts is therefore GRANTED.

### III.
### CONCLUSION

Huhtamaki's motion to strike is GRANTED in part, and DENIED in part, as consistent with this order.[5]

IT IS SO ORDERED.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[5] Defendants also argue that their rebuttal disclosures were in direct response to the unusual and unsubstantiated opinions of Huhtamaki's experts and that AmeriPride could not anticipate this testimony in advance. Opp'n at 6. The court's order allows for the testimony of experts not previously designated under several narrow circumstances, including in situations where the witness "could not have been reasonably anticipated at the time the lists were exchanged." In the instant case, each of the individuals AmeriPride desired to designate as rebuttal experts were known to AmeriPride at the time it made its first expert designations as each had already been deposed in this matter or is a current employee or consultant for AmeriPride.

7