UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
AMERIPRIDE SERVICES, INC.,
A Delaware corporation,
                                        NO. CIV. S-00-113 LKK/JFM
          Plaintiff,

     v.

VALLEY INDUSTRIAL SERVICE, INC.,
a former California corporation,          O R D E R
et al.,

          Defendants.
                                      /
AND CONSOLIDATED ACTION AND
CROSS- AND COUNTER-CLAIMS.
                                      /
```

Pending before the court are three motions filed by AmeriPride Services Inc. ("AmeriPride") : motion to stay; motion for certification under 28 U.S.C § 1292(b); and motion for reconsideration. The court has reviewed the motions and oppositions and decides them based on the papers and without oral argument.

////

////

1

**I.**

**Background**

This case involves a cost recovery action filed by plaintiff Huhtamaki Foodservice Inc. ("Huhtamaki") against defendant, AmeriPride, pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") and related state causes of action. One of the key issues in the case is whether PCE-contaminated groundwater spread from the AmeriPride property to the Huhtamaki property. The details of the case are long and complicated and rather than repeat them here, the court incorporates by reference the facts as set forth in prior orders.

On August 8, 2006 the court issued an order imposing sanctions against AmeriPride for the spoliation of evidence.[1] The sanction imposed by the court dictated that an adverse inference would be drawn against AmeriPrde. Specifically, the jury will be instructed that the removed pipes leaked PCE-contaminated wastewater into the soil and groundwater and that this contamination was a cause of the contamination on the Huhtamaki property. Moreover, AmeriPride will be prohibited from presenting any evidence which denies that AmeriPride contributed to the soil and groundwater contamination. See August 8, 2006 Order at 24:7-12.

Also pending before the court are ten motions for summary judgment and a proposed settlement agreement between other related parties. A hearing on the motions for summary judgment was set for

---

[1] The underlaying facts involving the spoliation of evidence are laid out in detail in the August 8, 2006 order.

2

September 1, 2006.

Huhtamaki now seeks a ruling on the motion for certification and the motion for reconsideration of the August 8, 2006 order prior to the adjudication of the motions for summary judgment and approval of the settlement agreement.

## II.

### Motion for Reconsideration

"Under the 'law of the case' doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997)(citing Thomas v. Bible, 983 F.2d 153, 154 (9th Cir.), cert. denied, 508 U.S. 951 (1993)). Although motions to reconsider are directed to the sound discretion of the court, see Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), aff'd in part and rev'd in part on other grounds, 824 F.2d 514 (9th Cir.1987), cert. denied, 486 U.S. 1015 (1988), considerations of judicial economy weigh heavily in the process.

Thus, Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances...which... were not shown upon such prior motion, or what other grounds exist for the motion." Generally speaking, before reconsideration may be granted there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice. See Alexander, 106 F.3d at 876.

Motions to reconsider are not vehicles permitting the unsuccessful party to "rehash" arguments previously presented. <u>See</u> <u>Costello v. United States Government</u>, 765 F.Supp. 1003, 1009 (C.D. Cal.1991). Nor is a motion to reconsider justified on the basis of new evidence available prior to the court's ruling. <u>See</u> <u>Fay Corp. v. BAT Holdings One, Inc.</u>, 651 F.Supp. 307, 309 (W.D.Wash.1987), aff'd, 896 F.2d 1227 (9th Cir.1990). Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. <u>See</u> <u>id</u>. These relatively restrictive standards "reflect [ ] district courts' concern for preserving dwindling resources and promoting judicial efficiency." <u>Costello</u>, 765 F.Supp. at 1009.

In the case at bar, AmeriPride fails to demonstrate that there was a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice. <u>See</u> <u>Alexander</u>, 106 F.3d at 876. AmeriPride explains that the order is dispositive, and that the court misapplied the law pertaining to sanctions. Specifically, AmeriPride argues that the court failed to find that AmeriPride acted in bad faith before imposing the sanction of an adverse inference. <u>See</u> AmeriPride Mot. for Recon. at 5:18-26. AmeriPride also maintains that the court failed to seek and identify extrinsic evidence that the destroyed evidence was relevant to the issues in the case. <u>Id</u>. at 7:15-19. Finally, AmeriPride asserts that the court failed to consider other material facts about the pipes that were removed. <u>Id</u>. at 9.

AmeriPride's arguments are without merit and fail to

demonstrate that there are new facts or law that the court should consider. For these reasons, the court denies the motion for reconsideration.

### III.

### Motion for Certification under 28 U.S.C. § 1292(b)

Certification is appropriate where the "order involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). All three factors must be present in order to merit interlocutory certification; that an issue is novel does not, in itself, make it immediately appealable. See Krangel v. General Dynamics Corp., 968 F.2d 914, 915 (9th Cir. 1992).

The first question to ask is whether the imposition of sanctions based on the destruction of evidence involves a controlling questions of law. "All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982). The issue need not be "dispositive of the lawsuit in order to be regarded as controlling," but it cannot be collateral to the basic issues of the case. United States v. Woodbury, 263 F.2d 784, 787 (9th Cir. 1959).

In the case at bar, imposing an adverse inference materially affects the outcome of the litigation. As both parties

5

acknowledge, the adverse inference establishes that AmeriPride may be liable under CERCLA.[2]

One of the key issues in the pending case is whether AmeriPride discharged PCE into the soil. In brief, Huhtamaki's complaint specifically alleges that "[o]perations at the AmeriPride Site have resulted in the release of contaminants into the soil and groundwater . . . [these] operations have contaminated the groundwater beneath the Huhtamaki facility with PCE and its degradation compounds." Compl. at ¶¶ 6 & 7. AmeriPride, meanwhile, claims that the PCE detected in both the soil and groundwater was caused by previous owners of the facility and that AmeriPride did nothing to contribute to the contamination. AmeriPride, therefor, cannot be liable as the current owner of the facility.

The adverse inference directly impacts this critical dispute. Namely, the adverse inference establishes that AmeriPride did, in

---

[2] The court notes that the adverse inference, does not, however, conclusively establish liability under CERCLA. Several factors are considered in a CERCLA action. In a cost recovery action under CERLA, a plaintiff must establish that, (1) the site on which the hazardous substances are contained is a "facility" under CERCLA's definition of that term; (2) a "release" or "threatened release" of any "hazardous substance" from the facility has occurred; (3) such "release" or "threatened release" has caused the plaintiff to incur response costs that were "necessary" and "consistent with the national contingency plan,"; and (4) the defendant is within one of four classes of persons subject to the liability provisions of Section 107(a). 3550 Stevens Creek Assoc. v. Barclays Bank, 915 F.2d 1355, 1358 (9th Cir. 1990); 42 U.S.C. §§ 9613(f); 9607(a). Here, the adverse inference all but establishes factors one, two, and four. The adverse inference is not, however, conclusive as to plaintiff's response costs being consistent with the national contingency plan.

fact, contribute to the contamination of the soil and groundwater and that this contamination contributed to the contamination on the Huhtamaki property. The August 8, 2006 order also prohibits AmeriPride from presenting any evidence which denies that AmeriPride contributed to the soil and groundwater contamination. In short, the inferences would serve as a basis for finding that certain elements of Huhtamaki's CERLCA claims are satisfied.

For these reasons, it is apparent that an appeal on the issue of the sanctions order could materially affect the outcome of litigation in this court. See In re Cement, 673 F.2d at 1026. Moreover, this case is a large, complicated environmental matter, involving hundreds of pages of briefs and supporting evidence. Allowing "an interlocutory appeal would avoid protracted and expensive litigation," a factor that the court must consider. Id.

The court must also consider if there is a substantial ground for a difference of opinion. Given that there is some suggestion that a finding of bad faith is required prior to the imposition of sanctions and that the standard for imposing sanctions is not completely clear, the court finds that there is ground for a difference of opinion as to whether sanctions should have been imposed in this case.

For these reasons, the court concludes that AmeriPride's motion for certification should be granted. Given the court's ruling, AmeriPride's motion to stay the proceedings will also be granted.

**IV.**

**CONCLUSION**

For the reasons explained, the court orders as follows:

1. AmeriPride's motion for reconsideration is DENIED.

2. AmeriPride's motion for certification for appeal is GRANTED. Accordingly, the court amends the August 8, 2006 order to include the following language:

> The court is of the opinion that this order involves a controlling question of law as to which there is substantial ground for differences of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b).

4. The parties are directed to inform the court within ten (10) days of the effective date of the order of the court of appeals' disposition as to whether it will allow interlocutory appeal.

5. All pending motions presently before the court are hereby STAYED pending the interlocutory appeal, if any.

6. The hearings set for August 31st and September 1st are hereby VACATED.

IT IS SO ORDERED.

DATED: August 29, 2006.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

8