LEE N. SMITH (#138071)
MELISSA A. VERHAAG (#226755)
STOEL RIVES LLP
770 L Street, Suite 800
Sacramento, CA  95814
Telephone: (916) 447-0700
Facsimile:  (916) 447-4781
Email:      lnsmith@stoel.com

Attorneys for Plaintiff
AMERIPRIDE SERVICES INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIPRIDE SERVICES INC., <br><br> Plaintiff, <br><br> v. <br><br> VALLEY INDUSTRIAL SERVICES, INC., a former California corporation, et al., <br><br> Defendants. | Case No. CIV. S-00-113-LKK JFM (Consolidated) <br><br> **STIPULATION TO PERMIT ENTRY OF DEFAULT JUDGMENT AND JUDGMENT THEREON** |
| HUHTAMAKI FOODSERVICE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERIPRIDE SERVICES, INC., <br><br> Defendant. | Date: <br> Judge:  Hon. Lawrence K. Karlton |

Plaintiff AmeriPride Services Inc. ("AmeriPride"), pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 ("CERCLA"), the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 ("RCRA"), and common law causes of action brought suit against a number of parties, including, without limitation, Texas Eastern Overseas, Inc. ("TEO").  AmeriPride and TEO are collectively referred to herein as the "Parties". The Parties stipulate as follows:

1. AmeriPride is the current owner of an industrial laundry facility located at

7620 Wilbur Way in South Sacramento, California (the "Facility"). AmeriPride alleges that in 1997, tetrachloroethylene (PCE) contaminants were discovered beneath the facility, allegedly due to operations of prior owners or operators of the facility. To date, there were three existing cost recovery suits (including this one), one filed by AmeriPride (*AmeriPride v. Valley Industrial Services, Inc.*, U.S.D.C. Case No. CIV. S-00-113-LKK JFM), and the second filed by the California-American Water Company (*California-American Water Co. v. AmeriPride Services, Inc.*, U.S.D.C. Case No. CIV. S-02-1479 LKK JFM) for contamination to local drinking water wells allegedly from the site (dismissed on September 14, 2005), and the consolidated case filed by Huhtamaki Food Service, Inc. ("Huhtamaki") (*Huhtamaki Foodservice, Inc. v. AmeriPride Services, Inc.*, U.S.D.C. Case No. CIV. S-04-1494 LKK JFM) for alleged interference with the use of water supply wells. The court consolidated AmeriPride's initial case and the instant case filed by Huhtamaki on November 3, 2005. AMERIPRIDE has also filed Cross-Claims and Third Party Claims herein against additional defendants in the other cases.

2. AmeriPride is a Delaware corporation authorized to do business in California, and is the current owner of the Facility. AmeriPride is also the corporate successor to American Linen Supply Co., which was the parent corporation of Welch's Overall Cleaning Company, Inc., the entity that purchased the Facility from Mission Industries in June 1983.

3. Prior to June 1983, the date that American Linen Supply Company/ Welch's Overall Cleaning Company, Inc. purchased the Facility, site soils and the underlying groundwater (which is the property of the State of California) had allegedly become contaminated with hazardous substances or hazardous wastes and was physically damaged through the acts and omission of others—including as AmeriPride alleges—TEO as successor to Valley Industrial Services. Such contamination allegedly migrated to neighboring properties, including, but not limited to, property now owned and operated by Huhtamaki. Welch's Overall Cleaning Company, Inc. was merged into AmeriPride Services Inc. in 1998.

4. The original Facility was believed to be constructed in or about 1960 by Valley Industrial Laundry, which was owned by Alan Fields and Frank Wenters.

5. Valley Industrial Services, Inc. ("VIS, INC.") was incorporated in 1972. VIS,

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

700677393v5 -2- CIV. S-00-113-LKK JFM (Consolidated)
STIPULATION OF PERMIT ENTRY OF DEFAULT
JUDGMENT AND JUDGMENT THEREON

INC. was duly organized and existed under the laws of the State of California, and owned and operated the Facility until 1983.

6. During the time VIS, INC. and/or Valley Industrial Laundry owned and operated the Facility, there is evidence that dry cleaning solvents including Tetrachloroethylene, also known as Perchloroethylene ("PCE") were used.

7. Between 1972 and 1983 VIS operated the Sacramento Facility. During this time it was a wholly owned subsidiary of Petrolane Incorporated, a publicly held California company.

8. In 1983, Welch's Overall Cleaning Company, Inc. acquired the assets of several facilities including VIS, Inc.'s Sacramento location.

9. In 1984, Texas Eastern "acquired" Petrolane and its inactive subsidiary, VIS. In 1989, Petrolane was sold to an unrelated entity. In 1990, another entity and VIS merged into Automotive Repairs, Inc. In turn, in 1991, Automotive Repairs merged into TEO. TEO, a Delaware corporation, dissolved in 1992.

10. In or about March 1997, AmeriPride, through its environmental consultant, performed an investigation of the soil at the Facility, in connection with AmeriPride's remodel of the Facility. The soils were found to contain PCE. In or about April 1997, the consultant submitted this information to the County of Sacramento Environmental Health Department.

11. Pursuant to County and Regional Board directives, AmeriPride has engaged in various investigative efforts to determine the extent and cause of the PCE contamination, all of which it contends are in compliance with the National Contingency Plan, 40 C.F.R. section 300 *et seq.*

12. On or about January 19, 2000, AmeriPride filed its initial complaint against the following parties: Valley Industrial Services, Inc.; Petrolane, Inc.; Texas Eastern Corporation; Texas Eastern Overseas, Inc.; UGI Corporation; Amerigas Propane, Inc.; Amerigas, Inc.; Amerigas Partners, LP; Mission Linen Supply; DHM Enterprises, Inc.; Chromalloy American Corporation; and General Radiator, Inc. The First Amended Complaint was filed on or about January 20, 2000.

13. On July 13, 2000, the First Amended Complaint was answered on behalf of Texas

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

700677393v5   -3-   CIV. S-00-113-LKK JFM (Consolidated)
STIPULATION OF PERMIT ENTRY OF DEFAULT
JUDGMENT AND JUDGMENT THEREON

1  Eastern Overseas, Inc. asserting its dissolved status. TEO answered for itself and "as successor"
2  to Valley Industrial Services, Inc.

3      14.    The Second Amended Complaint was filed on August 1, 2000.

4      15.    On September 7, 2000, the Second Amended Complaint was answered on behalf
5  of Texas Eastern Overseas, Inc. asserting its dissolved status. TEO answered for itself and "as
6  successor" to Valley Industrial Services, Inc.

7      16.    On January 31, 2001, the parties stipulated to allow Texas Eastern Overseas, Inc.
8  to respond to the Third Amended Complaint on or before February 23, 2001.

9      17.    On February 23, 2001, the Third Amended Complaint was answered on behalf of
10  Texas Eastern Overseas, Inc. asserting its dissolved status. TEO answered for itself and "as
11  successor" to Valley Industrial Services, Inc.

12      18.    AmeriPride estimates that its total expenditures at the site will exceed $25 million,
13  including costs of settlement.

14      NOW, THEREFORE, the parties agree as follows:

15      1.    Pillsbury Winthrop Shaw Pittman LLP is hereby granted leave to withdraw as
16  counsel for TEO; and

17      2.    Counsel for TEO and counsel for AmeriPride have tendered AmeriPride's claims
18  to certain insurers. If, after sixty (60) days after notice of this Order, no counsel appears on
19  behalf of TEO, AmeriPride may take a default judgment as against Texas Eastern Overseas, Inc.
20  for itself and/or as successor to VIS, Inc. in the form attached hereto as Exhibit A, provided
21  however that such judgment shall be:

22      (a)    satisfied only from insurance proceeds or an insurance settlement and from no
23  other source: and

24      (b)    of no force or effect whatsoever against any other funds or assets or the funds or
25  assets of any current or former affiliate, parent, officer or director, employee or attorney of TEO;
26  and

27      (c)    shall have no preclusive or precedential effect whatsoever except as against any
28  insurance company; and

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

700677393v5      -4-      CIV. S-00-113-LKK JFM (Consolidated)
STIPULATION OF PERMIT ENTRY OF DEFAULT
JUDGMENT AND JUDGMENT THEREON

1       (d)    the accompanying default judgment shall not be a final judgment on the merits,

2 and AmeriPride hereby consents to the setting aside of this judgment within ninety (90) days of

3 entry if TEO—through its insurers—wishes to litigate this matter.

4 DATED: May ____, 2007.                STOEL RIVES LLP

6                                            By:       /s/ Lee N. Smith
                                                LEE N. SMITH
7                                                 Attorneys for Plaintiffs
8                                                 AMERIPRIDE SERVICES INC.

10

11 DATED: May ____, 2007.                PILLSBURY WINTHROP SHAW PITTMAN LLP

13                                            By:       /s/ John S. Poulos
                                                JOHN S. POULOS
14                                                 Attorneys for Defendant
15                                                 TEXAS EASTERN OVERSEAS, INC.

19 **IT IS SO ORDERED.**

20

21 DATED: September 4, 2007

22                                                 _____
                                                LAWRENCE K. KARLTON
23                                                 SENIOR JUDGE
24                                                 UNITED STATES DISTRICT COURT

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

700677393v5      -5-      CIV. S-00-113-LKK JFM (Consolidated)
STIPULATION OF PERMIT ENTRY OF DEFAULT JUDGMENT AND JUDGMENT THEREON

EXHIBIT A

JUDGMENT

Pursuant to the stipulation between AmeriPride Services, Inc. ("AmeriPride") and Texas Overseas, Inc. for itself and as a successor to VIS, Inc. ("TEO") to permit entry of default judgment, it is hereby ORDERED, ADJUDGED, and DECREED that judgment be entered against TEO itself and successor to VIS, Inc. in the favor of AmeriPride in the amount of $25 million.

This judgment may be satisfied with and is enforceable against only insurance proceeds, if any, from any applicable policy or insurance settlement and shall have no force or effect whatsoever against any other funds or assets or the funds or assets of any current or former affiliate, parent, officer, director, agent, attorney or employee of TEO.

It is further ORDERED, ADJUDGED, and DECREED that judgment shall have no preclusive or precedential effect whatsoever except as against any applicable insurance company. This default judgment shall not be deemed a final judgment on the merits.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

700677393v5   -6-   CIV. S-00-113-LKK JFM (Consolidated)
STIPULATION OF PERMIT ENTRY OF DEFAULT
JUDGMENT AND JUDGMENT THEREON