IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMERIPRIDE SERVICES, INC.,

       Plaintiff,                     No. CIV 2:00-cv-0113-LKK-JFM

   vs.

VALLEY INDUSTRIAL SERVICES,
INC., et al.,

       Defendants.              <u>ORDER</u>

_____/

      On March 31, 2011, a hearing was held on plaintiff AmeriPride Services, Inc.'s ("AmeriPride") motion to compel a wide range of discovery actions. Brian Zagon and Maureen Hodson appeared for plaintiff. Ronald Bushner and Fred Blum appeared for defendant. Upon review of the motions and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

FACTUAL AND PROCEDURAL BACKGROUND

      On January 19, 2000, AmeriPride filed this Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") action against previous owners and/or operators of property located at 7620 Wilbur Way in Sacramento ("the Facility"). This matter is proceeding on plaintiff's third amended complaint, filed December 13, 2000. On February 23, 2001, Texas Eastern Overseas ("TEO") filed an answer and cross-claims against AmeriPride for

1

contribution under CERCLA Section 113.[1] On July 2, 2007, the Honorable Lawrence K. Karlton approved a settlement between AmeriPride and all defendants except for Valley Industrial Services ("VIS") and TEO, its successor.

In September 2008, TEO (with new counsel) filed a motion to dismiss based on lack of capacity to be sued. That motion was granted, but the matter was stayed to allow AmeriPride to petition the Delaware Court of Chancery to appoint a receiver, which would restore TEO's capacity to be sued. The Delaware Court granted AmeriPride's petition for appointment of a receiver and this court lifted the stay. A revised scheduling order was issued on September 29, 2010, with a discovery cut-off of May 1, 2011.

On January 7, 2011, AmeriPride filed a motion for summary judgment ("MSJ") seeking judgment as a matter of law against TEO on AmeriPride's CERCLA Section 107 claim, its claim for declaratory judgment under CERCLA Section 113(g), and each of TEO's counterclaims. Plaintiff contends that because TEO's predecessor, VIS, used and released perchloroethylene ("PCE")[2] at the Facility and AmeriPride did not conduct dry cleaning or use PCE, that TEO is 100% liable for the response costs incurred by AmeriPride for cleaning the site. The amount of damages is estimated to be as high as $35,000,000.

On November 29, 2010, TEO filed a third party complaint against Univar, USA, Inc. (VIS's PCE supplier) for cost contribution under CERCLA Section 113, declaratory relief under CERCLA, contribution, equitable indemnity, and state declaratory relief.

DISCUSSION

1. Rule 30(b)(6) Deposition

Based on representations of counsel, this matter is no longer in dispute.

/////

---

[1] TEO was dissolved in 1992 and has no employees, no property and no records.

[2] PCE is a chemical widely used for dry cleaning of fabrics and is listed as a hazardous substance under CERCLA. See 40 C.F.R. § 302.4.

2. <u>Requests for Admissions</u>

AmeriPride's central argument as to its Requests for Admissions is that TEO's responses are inadequate, evasive and false because TEO has information readily available to it – as evidenced by their third party complaint and their opposition to plaintiff's motion for summary judgment – that would allow them to either admit or deny certain facts. TEO argues that because it is an entity revived solely for this litigation, it does not have access to documents and/or information that would allow it either admit or deny, and that because it complied with the basic requirements of Rule 36(a), the court is prohibited from determining the adequacy of their answers.

Generally, Rule 36(a) requires one of three answers: (1) an admission; (2) a denial; or (3) a statement detailing why the answering party is unable to admit or deny the matter. FRCP 36(a)(3); <u>Asea, Inc. v. Southern Pac. Transp. Co.</u>, 669 F.2d 1242 (9th Cir. 1981). If good faith requires that a party qualify its answer or deny only a part of the requested matter, it must specify so much of the request as is true and deny only the remainder.

Instead of admitting or denying the request for admission, a party may respond by claiming inability (lack of sufficient information) to admit or deny the matter stated in the request. Fed. R. Civ. P. 36(a). But a party responding in this manner must also state that he or she has made 'reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.' Fed. R. Civ. P. 36(a); <u>Asea, Inc. v. Southern Pac. Transp. Co.</u>, 669 F.2d 1242, 1245-1246 (9th Cir. 1981). The responding party is required to undertake a 'good faith' investigation of sources reasonably available to him or her in formulating answers to request for admissions (similar to the duty owed in responding to interrogatories). Adv. Comm. Notes (1970) to Fed. R. Civ. P. 36(a).

"Reasonable inquiry" is limited to persons and documents within the responding party's control (e.g., its employees, partners, corporate affiliates, etc.). It does not require the responding party to interview or subpoena records from independent third parties in order to

admit or deny a Request for admission.  <u>T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.</u>, 174 F.R.D. 38, 43 (S.D. N.Y. 1997); <u>but see</u> <u>Uniden America Corp. v. Ericsson Inc.</u>, 181 F.R.D. 302, 304 (M.D. N.C. 1998) (responding party must make inquiry of a third party "when there is some identity of interest manifested, such as by both being parties to the litigation, a present or prior relationship of mutual concerns, or their active cooperation in the litigation, and when there is no manifest or potential conflict with the third party.")  Likewise, a party cannot be forced to admit or deny facts testified to by a third party witness as to which the responding party has no personal knowledge.  <u>T. Rowe Price Small-Cap Fund, Inc.</u>, 174 F.R.D. at 46 (Request for admission asked party to admit or deny that third party actually held beliefs to which he testified); <u>but see</u> <u>Uniden America Corp.</u>, 181 F.R.D. at 304 (if third party has given deposition testimony regarding the matter, responding party "can be compelled via Rule 36 to admit or deny, that is to indicate whether it will introduce contrary evidence.")  Because request for admissions can have dire consequences, the responding party's duty to obtain information is no broader than that owed in responding to interrogatories; i.e., generally limited to obtaining information from persons and entities over which it has actual control.

The responding party's simple statement that he or she has made a "reasonable" inquiry and is unable to admit or deny the request because insufficient information is available may not suffice as an answer to the request for admission.  Moreover, the fact that the party has not done so may be asserted as a basis for challenging the response.  <u>Asea, Inc.</u>, 669 F.2d at 1245 (court may order matters admitted where information known or readily obtainable was sufficient to enable responding party to admit or deny.)  Alternatively, costs may be awarded against a party for failure to inform himself or herself before answering, as provided by Rule 37(c).  Fed. R. Civ. P.  36(a), Adv. Comm. Notes (1970).

A party may not avoid responding based on technicalities. Fed. R. Civ. P.  36(a). For example, a party who is unable to agree with the exact wording of the request for admission should agree to an alternate wording or stipulation.  See <u>Marchand</u>, 22 F.3d at 938, citing

Milgram Food Stores, Inc. v. United States, 558 F. Supp. 629, 636 (W.D. MO 1983). When the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly-technical reading of the request. Holmgren v. State Farm Mut. Auto.Ins. Co., 976 F.2d 573, 580 (9th Cir. 1992) ("Epistemological doubts speak highly of (party's) philosophical sophistication, but poorly of its respect for Rule 36(a).")

Rule 36(a) provides that a matter may be deemed admitted if the answer "does not comply with the requirements of this rule." It is undisputed that failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states. It is also clear that an evasive denial, one that does not "specifically deny the matter," or a response that does not set forth "in detail" the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission. See, e. g., Havenfield Corp. v. H & R Block, Inc., 67 F.R.D. 93, 96-97 (W.D. Mo. 1973). Since such a response does not comply with the literal requirements of Rule 36(a), the district court may, in its discretion, deem the matter admitted.

The question here is whether TEO's literal compliance with Rule 36(a) can be the basis for sanctions, up to and including deeming the matters admitted. TEO argues that an answer complies with the requirements of Rule 36(a) if it states that the party has insufficient information to admit or deny the matter and that the party has made reasonable inquiry into all readily obtainable information, and that the extent of this court's inquiry is to determine whether TEO, in fact, complied with Rule 36(a)'s requirements.

This argument was foreclosed by the Ninth Circuit in Asea:

> We are not persuaded that an answer to a request for admission necessarily complies with Rule 36(a) merely because it includes a statement that the party has made reasonable inquiry and that the information necessary to admit or deny the matter is not readily obtainable by him. The discovery process is subject to the overriding limitation of good faith. . . . We hold, therefore, that a response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made "reasonable inquiry," or if information "readily obtainable" is sufficient to enable him to admit or deny the matter. . . .

669 F.2d at 1245-46.

5

Here, TEO had information that allowed it to oppose plaintiff's motion for summary judgment and to compose a third party complaint against Univar. Both filings were submitted to the court with Rule 11's advisements in mind (namely, that "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . . "). Further, TEO's discovery responses are submitted with the attorneys' signature as certification of merit. See FRCP 26(g)(1).

TEO cites to numerous cases to argue that plaintiff may not bring a motion to determine the sufficiency of its responses. Those cases were brought in response to blanket denials of discovery requests. TEO argues that it would "make no sense" if AmeriPride can challenge responses that neither admit nor deny, but cannot challenge an outright denial. That, however, is the law. If a request is completely denied, a motion to determine the sufficiency of the denial is improper. See FRCP 37(c)(2); Marchand v. Mercy Med. Ctr., 22 F3d 933, 937 (9th Cir. 1994). Instead, the truth of the matter must be proved at trial, whereafter the discovering party's only remedy is to move for payment of the expenses of such proof. Id. A party who fails to admit a request for admission risks an award of expenses, including attorneys' fees and costs, incurred by the other side in proving the matter at trial. Fed. R. Civ. Proc. 37(c) (2). The Rule mandates an award of expenses unless an exception applies." Marchand, 22 F.3d at 936.

Additionally, TEO argues that it need not rely on deposition testimony of individuals deposed prior to TEO's entry into this litigation. See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y. 1997) (responding party may not be forced to admit or deny facts testified to by a third party witness as to which it has no personal knowledge). Before addressing this matter, the court is troubled by a serious error by TEO. In the Joint Statement, TEO states that "[d]uring the first 10 years of this litigation, Ameripride initiated no discovery against TEO specifically. Ameripride's first written discovery to TEO was promulgated in Mid-November 2010." See J.S. at 13. This is simply incorrect.

Review of the docket reveals that as early as February 13, 2001, TEO, represented by different counsel, was participating in discovery in this matter. See, e.g., Doc. No. 114. As to the depositions, the court cannot determine when the depositions were taken, but it does note that the deposed were former employees of VIS, TEO's predecessor, who testified as to the operations performed at the Facility and the use of PCE. See Ex. BB at 21-22. It is difficult to accept, then, TEO's argument that these depositions were given by third parties not in privity with TEO. In fact, TEO relied on these depositions in its expert report and its third party complaint. See id.

Even assuming the applicability of T. Rowe here, the undersigned finds TEO's responses inadequate in light of Uniden America Corp., 181 F.R.D. at 304, a case relied upon by TEO to explain its understanding of the law, see J.S., Ex. V. In Uniden, the court held that if a third party has given deposition testimony regarding a matter, responding party "can be compelled via Rule 36 to admit or deny, that is to indicate whether it will introduce contrary evidence." Here, TEO has neither admitted nor denied, nor indicated whether it will introduce contrary evidence.

Additionally, TEO's hyper-technical challenges to terms such as "dry cleaning" and "late" and "overfill" are contrary to the intent of Rule 36(a) and are not well-taken. See Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573 (9th Cir. 1992) (holding that sanctions were warranted due to responding party's nitpicking and blanket denials). A party may not avoid responding based on technicalities. Fed. R. Civ. P. 36(a). For example, a party who is unable to agree with the exact wording of the request for admission should agree to an alternate wording or stipulation. See Marchand, 22 F.3d at 938, citing Milgram Food Stores, Inc. v. United States, 558 F.Supp. 629, 636 (W.D. MO 1983). When the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly-technical reading of the request. Holmgren, 976 F.2d at 580 ("Epistemological doubts speak highly of (party's) philosophical sophistication, but poorly of its respect for Rule 36(a).")

Finally, it is not ground for objection that the request is "ambiguous" unless so

ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." Failure to do so may result in sanctions. Marchand, 22 F.3d at 938.

Upon review, plaintiff's motion to compel amended responses to its Requests for Admissions is granted. On or before April 8, 2011, TEO shall amend its answers to plaintiff's Requests without further objection, either admitting or denying the request as required by Fed. R. Civ. P. 36(a). Defendant is cautioned that failure to comply will result in admission of the request and may also result in the imposition of sanctions. Marchand, 22 F.3d at 938.

3.   Interrogatories

In the Joint Discovery Statement, TEO has agreed to supplement its responses to most of the interrogatories at issue here. Such supplemental responses, in addition to verification of its responses, shall be due on or before April 8, 2011. TEO shall also supplement its responses to Interrogatories Nos. 1 and 2 after amending its answers to plaintiff's Requests for Admissions, as discussed supra. TEO is cautioned that a failure to comply with these discovery requests in good faith may be cause for sanctions.

4.   Requests for Production

In the Joint Discovery Statement, TEO has also agreed to supplement its responses to plaintiff's Requests for Production. Such supplemental responses shall be due on or before April 8, 2011. TEO shall also supplement its responses to Requests for Production Nos. 1 and 2 after amending its answers to plaintiff's Requests for Admissions, as discussed supra.

DATED: April 1, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;ameripride.mtc

8