UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AMERIPRIDE SERVICES, INC.,
A Delaware corporation,

        Plaintiff,

    v.

VALLEY INDUSTRIAL SERVICE, INC.,
a former California corporation,
et al.,

        Defendants.
_____/
AND CONSOLIDATED ACTION AND
CROSS- AND COUNTER-CLAIMS.
_____/

NO. CIV. S-00-113 LKK/JFM

O R D E R

    On November 15, 2011, this court issued an order in the above-captioned case finding that no good cause existed to amend the scheduling order and, thus, the court denied Defendant TEO's request to amend the scheduling order for the purposes of filing a motion to compel. Order, ECF No. 808.

    On November 22, 2011, Defendant Texas Eastern Overseas, Inc. ("TEO") filed a request for clarification of the court's order,

1

specifically with regard to AmeriPride's previous request to "claw-back" documents which it inadvertently produced, in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).[1]  Def's Request, ECF No. 825.  In response, Plaintiff AmeriPride Services Inc. ("AmeriPride") filed an opposition to Defendant's request for clarification.  Pl's Opp'n, ECF No. 848.  The court agrees that its prior order should be clarified with regards to the claw-back request.

**BACKGROUND**

At issue are forty-seven pages of documents "bearing the bates range ASI0254698-ASI0254745" and including "document 52" (a memorandum by Mr. Berry, an attorney for American Linen Supplies, regarding environmental audits of each plant and sent to the company's managers), which were "inadvertently included in AmeriPride's August 26, 2011 document production" to TEO.  Pl's Oct. 6, 2011 Letter to Def., ECF No. 799, Ex. W; Pl's Sept. 16, 2011 Letter to Def., ECF No 799, Ex. L.  According to the deposition of B.P. Berry, Jr., Mr. Berry was employed as only

---

[1] Federal Rule of Civil Procedure 26(b)(5)(B) provides: "If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The producing party must preserve the information until the claim is resolved."  FED. R. CIV. P. 26(b)(5)(B).

lawyer at American Linen Supplies, until his retirement in 1997. Shapp Decl., ECT No. 801, Ex. 7, Berry Dep., 16:7-11; 161:24-162:3.

Along with AmeriPride's August 26th production of documents to TEO, AmeriPride included a privilege log, which did not incorporate by reference a privilege log that AmeriPride had previously produced in 2000, and which also did not include any reference to "document 52." See AmeriPride Privilege Log, ECF No. 799, Ex. H. However, in its August 26, 2011 letter prefacing its privilege log, AmeriPride stated, "AmeriPride is producing privilege logs previously produced by AmeriPride in the course of this litigation. These prior privilege logs bear the bates range ASI0322894-ASI0323224." Id. at Pl's Aug. 26, 2011 Letter.

On September 16, 2011, AmeriPride reasserted a claim of privilege as to document 52 that AmeriPride had previously asserted in its 2000 privilege log. Pl's Sept. 16, 2011 Letter to Def., ECF No. 799, Ex. L; see also Pl's 2000 Privilege Log, ECF No. 799, Ex. I. On October 6, 2011, AmeriPride sent TEO a letter notifying TEO of AmeriPride's inadvertent disclosure of the documents currently at issue, in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Pl's Oct. 6, 2011 Letter to Def., ECF No. 799, Ex. W. According to AmeriPride's October 6, 2011 letter, "AmeriPride first became aware of the inadvertent disclosure upon review of the draft Joint Statement Regarding Discovery Disagreement provided by TEO, which was sent to AmeriPride via email at 5:56 p.m. on October 5, 2011." Id. at 2. As a supplement to its October 6, 2011

letter, AmeriPride attached a Supplemental Privilege Log relating to its August 26, 2011 production of documents, in which AmeriPride named the documents currently at issue and described them as "Memorandum from in-house counsel re: environmental audit of each plant, with attachments." Id. at Suppl. Priv. Log.

TEO asserts that it has sequestered the documents at issue, Joint Statement, ECF No. 797, at 5, as required by Federal Rule of Civil Procedure 26(b)(5)(B).

AmeriPride argues that it is entitled to assert attorney-client and work product privileges for the documents at issue, and that, as to document 52, "AmeriPride's privilege claim has been known to TEO since at least December 11, 2000." Joint Statement, ECF No. 797, at 6, 15, 18-19.

## ANALYSIS

**A. Work Product Doctrine**

The work product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, which protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." FED. R. CIV. P. 26(b)(3); see also In re Grand Jury Subpoena, 357 F.3d 900, 906 (9th Cir. 2004). As the party claiming the privilege, Plaintiff AmeriPride bears the burden of establishing that the documents claimed as work product were in fact prepared in anticipation of litigation. See, e.g., Kintera, Inc. v. Convio, Inc., 219 F.R.D. 503, 507 (S.D. Cal. 2003).

In order for a document to be protected, it must have been

1  "created because of anticipated litigation, and would not have been
2  created in substantially similar form but for the prospect of that
3  litigation." In re Grand Jury Subpoena, 357 F.3d at 908 (internal
4  citations omitted).  The doctrine does not protect materials
5  assembled in the ordinary course of business. Griffith v. Davis,
6  161 F.R.D. 687, 698-99 (C.D. Cal. 1995).

7  AmeriPride argues only that the documents currently at issue
8  are protected by the attorney work-product doctrine because they
9  were "prepared by in-house counsel, [and] represent[] his mental
10 impressions," and that "[t]he attachments identified in the
11 description on AmeriPride's October 6, 2011 supplemental privilege
12 log [are] information provided to in-house counsel for AmeriPride,
13 or were otherwise intended to be kept confidential in order to
14 obtain legal advice." Joint Statement, ECF No. 797, at 18-19.

15 According to AmeriPride's October 6, 2011 Supplemental
16 Privilege Log, the "claw-back" documents currently at issue were
17 produced on April 18, 1989. Suppl. Privilege Log, ECF No. 799, Ex.
18 W.  Litigation in the instant case began in January 2000. The fact
19 that the memorandum regarding environmental audits of each plant
20 from Mr. Berry, American Linen Supplies' in-house counsel, to the
21 company managers was produced eleven years prior to the this
22 litigation does not, by itself, preclude the possibility that the
23 memorandum was produced "in anticipation of" litigation. However,
24 because AmeriPride makes no argument that the documents at issue
25 were either prepared because of anticipated litigation, or but for
26 the prospect of that litigation, see Joint Statement, ECF No. 797,

5

at 18-19, AmeriPride fails to meet its burden in establishing that the documents at issue are protected by the work-product doctrine.

**B. Attorney Client Privilege**

The attorney-client privilege protects "communications between client and attorney for the purpose of obtaining legal advice, provided such communications were intended to be confidential." Gomez v. Vernon, 255 F.3d 1118, 1131 (9th Cir. 2001). "Because the attorney-client privilege has the effect of withholding relevant information from the fact-finder, it is applied only when necessary to achieve its limited purpose of encouraging full and frank disclosure by client to his or her attorney." Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992) (citing Fisher v. United States, 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976)). In other words, the attorney-client privilege is strictly construed. United States v. Ruehle, 583 F.3d 600, 607 (9th Cir. 2009) (quoting United States v. Martin, 278 F.3d 988, 999 (9th Cir. 2002)).

An eight-part test determines whether information is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) unless the protection be waived.

U.S. v. Graf, 610 F.3d 1148, 1156 (9th Cir. 2010). As the party asserting the privilege, Plaintiff AmeriPride bears the burden of

proving each essential element. Id. (internal citations omitted).

Here, AmeriPride argues that the documents at issue were prepared by Mr. Berry, the only attorney for American Linen Supplies and "sent directly . . . to the company managers" in regards to an environmental audit of each plant. Joint Statement, ECF No. 797, 15-16.  Although the court is satisfied that a memorandum produced by in-house counsel to company managers constitutes a communication "from a professional legal adviser in his capacity as such" and "relating to that purpose," it is not clear to the court, and AmeriPride makes no argument showing, that Mr. Berry produced the memorandum at issue in response to "legal advice . . . sought" by the company. See id.  AmeriPride has therefore failed to meet its burden in establishing that the documents at issue are protected by attorney-client privilege.

**C. Waiver**

Even if the documents at issue were protected by the work product doctrine and attorney client privilege, Plaintiff AmeriPride fails to establish that its inadvertent disclosure of the documents should not constitute a waiver.

According to Federal Rule of Evidence 502(b), "When the disclosure is made in a federal proceeding . . . the disclosure does not operate as a waiver . . . if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)."

7

1  FED. R. EVID. 502(b).  Plaintiff AmeriPride, as the party seeking
2  the "claw back" of documents, has the burden of proving that they
3  meet the requirements of Federal Rule of Evidence 502(b).  See
4  Callan v. Christian Audigier, Inc., 263 F.R.D. 564, 565-66 (C.D.
5  Cal. 2009).

6      Here, it is not apparent to the court that AmeriPride took
7  reasonable steps to prevent the disclosure of the documents
8  currently at issue.  Although AmeriPride referred TEO to "privilege
9  logs previously produced by AmeriPride in the course of this
10 litigation" in its August 26, 2011 letter accompanying its document
11 production, it is unclear why AmeriPride did not itself refer to
12 its own 2000 privilege log before producing documents to TEO and
13 either remove the allegedly privileged documents from those
14 produced or incorporate the prior privileges by reference in
15 AmeriPride's August 26, 2011 privilege log.  Because Plaintiff
16 AmeriPride has failed to show or argue that it took reasonable
17 steps to prevent the disclosure of the documents currently at
18 issue, even if those documents were protected by the work product
19 doctrine or attorney client privilege, AmeriPride would have waived
20 those protections by its inadvertent disclosure.
21 Accordingly, this court clarifies its November 15, 2011 order and
22 determines that:

23     [1] AmeriPride's "claw back" request under Federal Rule of
24     Civil Procedure 26(b)(5)(B) as related to the "Memorandum
25     from in-house counsel, B.P. Berry re: environmental audit of
26     each plant, with attachments" and as described above, is

DENIED.

[2]   The parties' stipulation and proposed order permitting the filing of those documents under seal, ECF No. 780, is DENIED as moot.

IT IS SO ORDERED.

DATED: December 15, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT