UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AMERIPRIDE SERVICES, INC.,
A Delaware corporation,

        Plaintiff,

   v.

VALLEY INDUSTRIAL SERVICE, INC.,
a former California corporation,
et al.,

        Defendants.
_____/
AND CONSOLIDATED ACTION AND
CROSS- AND COUNTER-CLAIMS.
_____/

NO. CIV. S-00-113 LKK/JFM

O R D E R

    This matter comes before the court on Plaintiff AmeriPride's bill of costs and Defendant TEO's objections thereto. Although the Clerk of the Court typically taxes and enters costs, see Local Rule 292, due to the complexity of this particular case, the court here issues an order addressing the parties' contentions.

    For the reasons provided below, the court GRANTS Plaintiff's bill of costs in the amount of $140,500.72.

1

## I. BACKGROUND

On April 20, 2012, the court entered judgment in the above-captioned case. Judgment, ECF No. 916. The court provided that "plaintiff has established defendant's liability under § 107," and that, in determining equitable apportionment under § 113(f)(1), "the fairest apportionment is to divide responsibility equally" between the parties, which "would result in each party being responsible for $7,754,456.18 in costs expended so far." Order, ECF No. 915, at 7-14. Furthermore, because "plaintiff has borne all of these costs for the many years since the first cleanup order," the court ordered "defendant to also pay interest . . . accruing on the date when the costs were paid by AmeriPride," in the amount of $2,219,966.19. Id. at 14-15. Finally, the court determined that "defendant shall be responsible for one half of all future costs." Id. at 15.

In Plaintiff's bill of costs presently before the court, Plaintiff seeks $140,500.72. See Hodson Decl., ECF No. 919, Ex. 1 (Revised Total Bill of Costs). Defendant TEO objects, contending, inter alia, that: (1) because this was not an "ordinary" case, it would be inequitable to award AmeriPride its costs; (2) if the court does award costs, they should be allocated according to the parties' equitable share and, thus, "TEO should be liable for no more than one half of AmeriPride's total taxable costs"; (3) AmeriPride should be not be allowed to recover the costs for depositions which were not used at trial, and which could not reasonably have been expected to be used, nor should AmeriPride

recover fees for witnesses who did not appear for trial and whose depositions were not necessarily obtained for use in this case; and (4) AmeriPride's costs related to its internal review of documents are not taxable.  See Def's Objections, ECF No. 917.

## II. STANDARD FOR TAXING COSTS

Federal Rule of Civil Procedure 54(d)(1) and Eastern District Local Rule 54-292(f) govern the taxation of costs, other than attorney's fees, to the prevailing party in a civil matter.  Under Federal Rule of Civil Procedure 54(d)(1), unless a federal statute, the Federal Rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party.  Fed. R. Civ. P. 54(d)(1).  Trial courts do not have discretion to tax whatever costs seem appropriate.  Courts may tax only costs defined in 28 U.S.C. § 1920 and Local Rule 292.

According to 28 U.S.C. § 1920, the court may tax as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

The Local Rules provide that items taxable as costs additionally include, inter alia: (1) per diem, mileage, and

3

subsistence for witnesses; and (2) "[o]ther items allowed by any statute or rule or by the Court in the interest of justice." Local Rule 292(f)(8)&(11).

Parties prevail when, <u>inter</u> <u>alia</u>, they obtain "judgment on the merits." <u>See</u> <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Under Federal Rule of Civil Procedure 54(d), there is a presumption in favor of awarding costs to the prevailing party, which can only be overcome when the court exercises its discretion to disallow costs for specific reasons. <u>Ass'n of Mexican-Am. Educators v. Cal.</u>, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). Put another way, a losing party must establish a reason to deny costs by overcoming the presumption which, itself, provides all the reason a court needs for awarding costs. <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 944-45 (9th Cir. 2003).

In cases in which the prevailing party has been only partially successful, some courts have chosen to apportion costs among the parties or to reduce the size of the prevailing party's award to reflect the partial success. <u>See</u> Wright & Miller, Federal Practice & Procedure Civil 3d § 2667. Or, in cases in which "neither side entirely prevailed, or when both sides prevailed, or when the litigation was thought to be the result of fault on the part of both parties," some courts have denied costs to both sides. <u>Barber v. T.D. Williamson, Inc.</u>, 254 F.3d 1223, 1233-35 (10th Cir. 2001); <u>see</u>, <u>e.g.</u>, <u>Amarel v. Connell</u>, 102 F.3d 1494, 1523 (9th Cir. 1997) ("In the event of a mixed judgment, however, it is within the

4

discretion of a district court to require each party to bear its own costs.").

### III. ANALYSIS

AmeriPride established TEO's liability under § 107 and further established that, under a § 113(f)(1) equity analysis for which the court held a full trial on the merits, AmeriPride was warranted a total payment by TEO of $9,974,421.95. But for AmeriPride's litigation, initiated and pursued to conclusion against TEO, Defendant TEO would have owed Plaintiff AmeriPride nothing. Thus, Plaintiff was the successful, or prevailing, party in this action. The court therefore presumes, as an initial matter, that Defendant is liable for Plaintiff's costs.

Defendant argues that, due to the complexity and difficulty of the case, TEO's good faith defense, and the court's equitable apportionment of the costs between the parties, AmeriPride should not be awarded all of its taxable costs. The court here determines that Defendant's proffered reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award and that no "severe injustice" will result from an award of costs in this case. See Save Our Valley, 335 F.3d at 945.

Defendant TEO further objects to specific line items of Plaintiff's Bill of Costs. The Ninth Circuit has held that, as long as the items fall within the taxable costs of § 1920 and any applicable Local Rule, the cost is permissible. Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 177 (9th Cir. 1990). Defendant specifically objects to Plaintiff's costs for: (1)

5

certain depositions, in the amount of $13,615.85; (2) certain mileage and witness fees, in the amount of $181.21; and (3) certain items for exemplification and copies, in the amount of $47,691.76.

**A. Deposition Costs**

28 U.S.C. § 1920(2) provides that "[f]ees for printed or electronically recorded transcripts *necessarily obtained for use in the case*" are taxable costs. 28 U.S.C. § 1920(2) (emphasis added).

In response to Defendant TEO's filed objections, AmeriPride has withdrawn from its Bills of Costs the amount of $1,032.50 for the deposition of Glen Delsarto, taken on October 14, 2005. Pl's Reply, ECF No. 919, at 3. AmeriPride argues, however, that "[a]t the time the remainder of these [contested] depositions were taken, TEO was a defendant in the consolidated lawsuit" between Huhtamkaki, AmeriPride, and others, and, therefore, the depositions of the witnesses for Huhtamaki, Mission Linen, and Chromalloy "could reasonably have been expected to be used for trial preparation" in the instant case against TEO. Id. at 3-4.

Indeed, the court consolidated Huhtamaki's case against AmeriPride and AmeriPride's case against TEO and others on November 4, 2005. See Order, ECF No. 185. Each of the remaining depositions that Defendant contests as taxable costs were taken after that date. The court credits Plaintiffs assertion that these remaining depositions, at the time they were taken, could reasonably have been expected to be used for trial preparation and, thus, were necessarily obtained for use in the case. Defendant's

6

objections as to these remaining depositions are overruled and Plaintiff is awarded the costs for these remaining contested depositions.

### B. Mileage and Witness Fees

According to 28 U.S.C. § 1920(3), "[f]ees and disbursements for printing and witnesses" are taxable costs. Additionally, under Local Rule 292(f)(8), "per diem, mileage, and subsistence for witnesses" are also taxable as costs.

Because, as stated above, the court determines that the depositions of Royce Wayne Day and Alfred Mazzola, at the time they were taken, could reasonably have been expected to be used for trial preparation, the court overrules Defendant's objections to the "costs for mileage and witness fees" for those depositions. See Def's Objections, ECF No. 917, at 18.

Furthermore, because the deposition of Garland C. Bonner was cited in AmeriPride's motion for summary judgment, the attendance and mileage fees for that deposition clearly fall within the purview of 28 U.S.C. § 1920(3) and Local Rule 292(f)(8). The court therefore overrules Defendant's objections as to the costs of Garland Bonner's attendance and mileage as well.

Plaintiff is awarded the costs of these contested mileage and witness fees.

### C. Exemplification and Copies

Under 28 U.S.C. § 1920(4), the "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable as costs.

7

Similarly, under Local Rule 292(f)(5), "[f]ees for exemplification and copies of papers necessarily obtained for use in the action" are taxable costs.

Defendant argues that AmeriPride's "costs related to its internal scanning, importing and electronic review of documents" were "not incurred in order to produce documents to TEO," but rather, "were incurred so that AmeriPride could more conveniently review the documents prior to, and then again after, the document production to TEO." Def's Objections, ECF No. 917, at 19. Plaintiff replies that "these documents were scanned and produced to TEO at *TEO's request* and in the electronic format TEO demanded," and that "[i]mporting, coding and OCR (optical character recognition) were necessary to produce the documents as TEO demanded." Pl's Reply, ECF No. 919, at 4.

On balance, the court credits Plaintiff's assertions and finds that the contested costs for scanning, importing, coding, and OCR of documents produced to TEO were necessarily incurred for use in the case. Defendant's objections as to these costs are overruled. Plaintiff is awarded these costs for scanning and coding documents.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's bill of costs in the amount of $140,500.72.

IT IS SO ORDERED.

DATED: May 8, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

8