1  FRED M. BLUM, ESQ. (SBN 101586)
   fblum@behblaw.com
2  ERIN K. POPPLER, ESQ. (SBN 267724)
   epoppler@behblaw.com
3  BASSI, EDLIN, HUIE & BLUM LLP
4  500 Washington Street, Suite 700
   San Francisco, California 94111
5  Telephone:    (415) 397-9006
6  Facsimile:    (415) 397-1339

7  RONALD S. BUSHNER, ESQ. (SBN 98352)
   ronald.bushner@wilsonelser.com
8  BERNARD GEHLHAR, ESQ. (SBN 208482)
9  bernard.gehlhar@wilsonelser.com
   WILSON, ELSER, MOSKOWITZ,
10 EDELMAN & DICKER LLP
11 525 Market Street, 17th Floor
   San Francisco, California 94105-2725
12 Telephone:    (415) 433-0990
   Facsimile:    (415) 434-1370
13
   Attorneys for Defendant
14 TEXAS EASTERN OVERSEAS, INC.

15             UNITED STATES DISTRICT COURT

16             EASTERN DISTRICT OF CALIFORNIA

17

18
   AMERIPRIDE SERVICES, INC.,           )  Case No. 2:00-CV-00113-LKK JFM
19                                       )
            Plaintiffs,                  )  **MEMORANDUM OF POINTS &**
20                                       )  **AUTHORITIES IN SUPPORT OF TEXAS**
       vs.                               )  **EASTERN OVERSEAS, INC.'S MOTION**
21                                       )  **TO AMEND OR ALTER THE**
   VALLEY INDUSTRIAL SERVICES, INC., a ) **JUDGMENT PURSUANT TO FEDERAL**
22 former California corporation, et al.,, ) **RULES OF CIVIL PROCEDURE RULE**
                                         )  **59(E)**
23          Defendants.                  )
                                         )  Date:        July 23, 2012
24                                       )  Time:        10:00 a.m.
                                         )  Judge:       Honorable Lawrence
25                                       )               K. Karlton
                                         )
26                                       )  Trial Date:      January 25, 2012
                                         )  Complaint Filed: January 19, 2000
27 ─────────────────────────────────────)

28

505352_2

## I.  INTRODUCTION

Defendant <u>TEXAS EASTERN OVERSEAS, INC.</u> ("TEO") brings this postjudgment motion pursuant to Federal Rules of Civil Procedure Rule 59(e) to amend or alter the judgment on the basis that the Court applied the incorrect method to credit the $3.25 million settlement monies received by Plaintiff <u>AMERIPRIDE SERVICES INC.</u> ("AmeriPride").  The Court incorrectly credited the settlement monies received by AmeriPride by subtracting the settlement amount from the total costs to be apportioned between TEO and AmeriPride.  As a result, AmeriPride will end up recovering 59% of the total costs incurred rather than the 50% the Court found it was entitled to and so ordered.  This means that AmeriPride would pay only 41% of the clean up costs, rather than the full 50%.  If AmeriPride is 50% responsibility, it should collect approximately $9.4 million.  But given the court's incorrect calculation, the amount that AmeriPride collects from TEO would be added to the $3.25 million already received, allowing AmeriPride to collect $11 million – <u>an extra $1.6 million.</u>

This computation error results in: (1) AmeriPride being apportioned less than its 50% share of the total incurred costs, (2) AmeriPride receiving an impermissible double reimbursement for the same expense, and (3) TEO being denied the full settlement credit to which the Court determined it was entitled.

Therefore, TEO respectfully requests the Court amend the judgment to apportion the total costs based on TEO's and AmeriPride's 50% equitable share, applying the $3.25 million settlement credit <u>after</u> apportioning liability.

## II.  FACTS

The Court found that AmeriPride was reimbursed a total of $3.25 million in settlement monies for the same contamination problems at issue in this Action.  The Court also found that, "[a]s a result of a settlement with Chromalloy, AmeriPride was paid $500,000.  As a result of its settlement with Petrolane, AmeriPride was paid $2.75 million."  Final Pretrial Conf. Order ("Dkt. 854") at 13 ¶ 93; Order (April 20, 2012) ("Dkt. 915") at 8.  These settlement monies

reimbursed AmeriPride for the same costs at issue here. In the judgment, the Court was clear that "[b]oth settlements related to the pollution at issue in the instant case." Dkt. 915 at 8. The Court went on to rule that it "has previously held that <u>defendants</u> are entitled to a credit for those sums." Id. (emphasis added).

In the judgment, the Court reduced the total amount of recoverable damages by the $3.25 million settlement monies received by AmeriPride. The Court determined the initial "total amount subject to equitable apportionment is $18,295,651.00." Dkt. 915 at 10-11. From this amount, the Court subtracted the $3.25 million settlement credit, for a total of $15,045,651.00. Id. at 11. To this total, the Court added the recent site investigation and remediation costs paid by AmeriPride (totaling $463,261.36) and calculated the final "total amount subject to equitable apportionment is $15,508,911.52." Id.

The court determined that TEO and AmeriPride's equitable share of the total amount subject to apportionment was 50%. "Given the facts as the court has found them, it concludes that the fairest apportionment is to divide responsibility equally." Dkt. 915 at 14. Applying this 50-50 apportionment to the approximately $15.5 million, the Court calculated that TEO and AmeriPride were each "responsible for $7,754,456.18 in costs expended so far." Id. Under this method, adding together each Party's share equals the total amount of incurred costs.

The Court should have applied the 50-50 apportionment to the total damages subject to apportionment before deducting the settlement credit. Had the Court used this method, TEO and AmeriPride would each be responsible for $9,379,456.18 of the $18,758,912.36 in costs.[1] The Court then should have applied the settlement credit to reduce the amount for which TEO was responsible. Under this approach, TEO's $6,129,456.18 share of incurred costs, plus the $3.25 million settlement proceeds, would have equaled half of the incurred costs, or TEO's 50% equitable share. Not including the interest owed, this would result in AmeriPride being responsible for $9,379,456.18, which is AmeriPride's 50% equitable share.

---

[1] This equals the amount due under AmeriPride's section 107 claim, the settlements with Huhtamaki and Cal-Am, plus the recent site investigation and remediation costs.

505352_2

The Court should amend the judgment to comport with these calculations because they accurately reflect the Court's findings in the judgment that: 1) AmeriPride is 50% responsible for the incurred costs and, therefore, entitled to recover only half the total damages; and 2) TEO is the Party entitled to the settlement credit. Further, this amendment would eliminate double reimbursement to AmeriPride for the same costs.

## III.   ARGUMENT

### A.   TEO SATISFIES THE STANDARD FOR BRINGING A MOTION TO AMEND OR ALTER THE JUDGMENT.

Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a judgment after its entry, provided the motion is filed no later than 28 days after the entry of judgment. F. R. CIV. P. 59(e) (Westlaw 2012). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam).

In general, there are four basic grounds upon which a motion to amend the judgment may be granted: (1) if the motion is necessary to correct manifest errors of law or fact upon which the judgment rests, (2) if the motion is necessary to present newly discovered or previously unavailable evidence, (3) if the motion is necessary to prevent manifest injustice, or (4) if the amendment is justified by an intervening change in controlling law. Allstate Ins. Co., 634 F.3d at 1111. However, a court considering a Rule 59(e) motion is not limited merely to these four situations. Id.; Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). The Court should exercise its discretion and grant this motion because the amendment is necessary to correct errors of law upon which the judgment rests and to prevent manifest injustice to TEO.

**B.**    **AMENDMENT IS NEEDED TO CORRECT MANIFEST ERRORS OF LAW UPON WHICH THE JUDGMENT RESTS AND TO PREVENT MANIFEST INJUSTICE TO TEO.**

**1.    The Current Method For Crediting The Settlement Results In AmeriPride Recovering More Than Its Equitable Share.**

The settlement credit should not be applied to reduce the total amount of recoverable damages because the result is that the amount of damages apportioned to AmeriPride is less than the percentage the Court determined AmeriPride was responsible for.  Put another way, this approach results in an overpayment to AmeriPride of $1.6 million because the judgment allows AmeriPride to recover more damages than the Court determined it was authorized to receive.

A settlement deduction should be applied after allocating the total damages.  See American Pharmaseal v. TEC Sys., 162 Ill. App. 3d 351, 357 (1987) (deducting settlement amounts first is not appropriate where it resulted in plaintiff recovering greater percentage of damages than jury had authorized it to); Lemos v. Eichel, 83 Cal. App. 3d 110, 118-19 (1978) (where deducting settlement first reduces fault percentage below that found by jury, correct procedure is to apply contributory fault percentages to total damages then reduce resulting figure by amount of pretrial settlement).

In Boeing Co. v. Cascade Corp., 207 F.3d 1177, 1190 (9th Cir. 2000), the district court erroneously applied the same method of deducting the settlement credit before applying the parties' equitable shares.  Boeing sued Cascade for contribution costs related to cleaning up a contaminated aquifer.  Id. at 1180.  The district court allocated 30% liability to Boeing and its predecessors and 70% to Cascade.  Id. at 1190.  In calculating the judgment, the district court erred by deducting a settlement credit from Boeing's expenditures "before applying the 70-30 ratio." Id.  The Ninth Circuit Court of Appeals remanded to the district court to recalculate the judgment because, the effect of the error was that Boeing and its predecessors were responsible for a different percentage of damages than the district court had determined.  Id.

Here, as in Boeing, the settlement credit should not have been reduced from the total amount subject to equitable apportionment because this approach does not allocate the total

505352_2                                      4

MEM. OF P. & A. IN SUPP. OF TEO'S RULE 59(E) MOT. TO AM. OR ALTER THE J.

damages between TEO and AmeriPride in the way the Court apportioned fault. The judgment should be amended to correct this error.[2]

The Court determined that the total amount subject to equitable apportionment was over $18 million. Dkt. 915 at 10-11. The Court also determined that the fairest apportionment was to divide responsibility equally. Id. at 14. Therefore, TEO and AmeriPride should each be responsible for approximately $9 million of incurred costs (or 50% of the $18 million).

When the Court deducted the settlement credit from the $18 million subject to equitable apportionment (Dkt. 915 at 11) and then applied the 50-50 apportionment to the reduced amount, the result was that TEO and AmeriPride were each liable for approximately $7.7 million rather than approximately $9 million. Id. at 14. Under that method, AmeriPride would pay approximately $1.3 million less. AmeriPride would end up paying only 41% of the damages, a result inconsistent with the Court's determination that 50% of the damages were attributable to AmeriPride. Dkt. 915 at 14.

## 2.      The Current Method For Crediting The Settlement Impermissibly Results In A Double Recovery For AmeriPride.

The judgment should be amended because the method the Court used to credit the settlements resulted in an impermissible double recovery to AmeriPride. As the judgment is calculated, AmeriPride receives a credit for half the $3.25 million for which it was already reimbursed. Under the current method, AmeriPride receives the benefit of roughly half the settlement sum ($1.6 million dollars). This is a double reimbursement because AmeriPride already received the full benefit of these settlement monies.

CERCLA articulates a strong policy against double recovery. See 42 U.S.C. § 9614(b) (prohibiting duplicate recovery for the same removal costs); § 113(f)(2) (a settlement by one

---

[2] In Boeing, Boeing and its predecessors were out of pocket for all their incurred costs because the settlement was paid to Boeing by its predecessors. 207 F.3d at 1190. If costs had been allocated between only Boeing and Cascade, then the settlement should have been credited against Cascade's share because the settlement did reimburse Boeing for some of the costs at issue. Id. However, the cost allocation was between Cascade and "Boeing and its predecessors", not Boeing alone. Id. Unlike AmeriPride, "Boeing and its predecessors" were not reimbursed by the settlement monies for their costs and, accordingly, it was appropriate for the Boeing court not to credit the settlement. Id.

505352_2                                         5

defendant "reduces the potential liability to the others by the amount of the settlement"). Case

law is in accord. "[P]reventing someone from recovering for the same harm twice" is an

equitable factor to consider in allocating response costs under CERCLA, and a district court

should "quite properly" eliminate double reimbursement for the same expense in calculating

judgment. Boeing, 207 F.3d at 1189-90.

Here, the Court recognized that "the very purpose of § 113 is to do equity" (Dkt. 915 at

10), however, "there is nothing equitable" about an allocation that permits a party to recover a

portion of the costs for which it has already been compensated under the terms of the settlement

agreement. U.S. v. Davis, 31 F. Supp. 2d 45, 64 (D.R.I. 1998).

For these reasons, the judgment should be amended to eliminate the impermissible

double reimbursement to AmeriPride, and to conform the judgment to the policies behind

CERCLA and the equitable factors for apportioning responsibility under Section 113.

### 3. The Current Method For Crediting The Settlement Deprives TEO Of The Full Settlement Credit To Which It Is Entitled.

The settlement credit should be applied to reduce the amount TEO, the non-settling

defendant, is responsible for. See Friedland V. TIC-Indus. Co., 566 F.3d 1203, 1209 (10th Cir.

2009) (discussing with approval the proposition that where the injury and damages are the same

as those addressed in plaintiff's prior partial settlements, the non-settling defendants are entitled

to a full credit in the amount of the settlements); K.C. 1986 Ltd. P'ship v. Reade Mfg., 2007 WL

2907876, *5-6 (W.D. Mo. 2007).

If the judgment is not amended to credit the settlement monies against TEO's share of the

damages rather than the total damages, then TEO is deprived of the relief the Court found that it

was entitled to.[3]   The court has previously held, and reaffirmed in the judgment, that

---

[3] In United Alloys, Inc. v. Baker, the court determined that Flask was entitled to an off-set for monies received by United Alloys in settlement of environmental claims at issue between the parties. 797 F. Supp. 2d 974, 1002-03 (C.D. Cal. 2011). The court credited the settlement sums by deducting them from the outstanding costs, and then allocated the costs between Flask and United Alloys. Id. at 1005. This method was justified by the judgment which specified that Flask's settlement credit was "to be applied to the outstanding response costs incurred by United Alloys to date." Id. at 1003. Here, in contrast, the judgment is silent as to the method that should be used to credit the settlement. The judgment specifies only that "defendants are entitled to a credit for those sums." Dkt. 915 at 8. See also MIL Hr'g Tr. 10:1-

1  "defendants are entitled to a credit for [the $3.25 million settlement] sums." Dkt. 915 at 8

2  (emphasis added); accord MIL Hr'g Tr. 10:1-9 (Dec. 16, 2010) ("defendants get one-dollar-for-

3  one-dollar credit for [the amount of dollars settling defendants paid to AmeriPride]." The Court

4  also determined that TEO was 50% responsible for the costs expended so far. Dkt. 915 at 14.

5  To give TEO the full settlement credit the Court determined it is entitled to (Dkt. 915 at 8), the

6  settlement monies should be set off against the amount of TEO's liability (approximately $9

7  million, which is 50% of the costs expended so far), and not merely against the total amount of

8  damages.

9        To correct the judgment so that it conforms to the Court's finding that "defendants are

10  entitled to [the settlement] credit", the judgment should be amended to credit the settlement sum

11  to TEO's approximately $9 million share of the incurred costs.

12

13  **IV.   CONCLUSION**

14        The Court should amend the judgment by apportioning the total damages 50-50 and then

15  deducting the settlement credit from TEO's 50% share of the total damages. For the reasons

16  discussed here, this amendment is justified because it is necessary to correct errors upon which

17  the judgment rests and to prevent manifest injustice to TEO.

18

19  Date:   May 18, 2012                    BASSI, EDLIN, HUIE & BLUM LLP

20

21                                         By:

22

23                                            ERIN K. POPPLER
                                              Attorneys for Defendant
24                                            TEXAS EASTERN OVERSEAS, INC.

25

26

27

28  9 (Dec. 16, 2010). For the reasons discussed herein, the settlement first method used in United Alloys, Inc. is not justified here as it returns an incorrect result and deprives TEO of the full benefit of the settlement credit.
505352_2                                              7

MEM. OF P. & A. IN SUPP. OF TEO'S RULE 59(E) MOT. TO AM. OR ALTER THE J.

Re: **Ameripride Services Inc. v. Valley Industrial Services, Inc., et al.**
**United States District Court, Eastern District Case No. 2:00-CV-00113-LKK JFM**

### PROOF OF SERVICE – ELECTRONIC TRANSMISSION

STATE OF CALIFORNIA/COUNTY OF San Francisco

I am a citizen of the United States and an employee in the County of San Francisco. I am over the age of eighteen (18) years and not a party to the within action. My business address is BASSI, EDLIN, HUIE & BLUM LLP, 500 Washington Street, Suite 700, San Francisco, California 94111.

On the date executed below, I electronically served the document(s) via ECF File & Serve, described below, on the recipients designated on the Transaction Receipt located on the ECF File & Serve website.

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF TEXAS EASTERN OVERSEAS, INC.'S MOTION TO AMEND OR ALTER THE JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 59(E)**

On the following parties:

SEE SERVICE LIST LOCATED ON THE ECF WEBSITE

__**X**__   **BY ELECTRONIC FILING**:  I caused the above document to be served by ECF to the following names on the service list provided by ECF, and;

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on May 18, 2012, at San Francisco, California.


/s/ ADELA AREVALO
_____
ADELA AREVALO

505352_2

8