1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   AMERIPRIDE SERVICES, INC.,
     A Delaware corporation,
12                                           NO. CIV. S-00-113 LKK/JFM
             Plaintiff,
13
         v.
14
     VALLEY INDUSTRIAL SERVICE, INC.,
15   a former California corporation,
     et al.,
16                                                    O R D E R
             Defendants.
17   _____/
     AND CONSOLIDATED ACTION AND
18   CROSS- AND COUNTER-CLAIMS.
     _____/
19

20        Pending before the court are the following motions brought by

21   Defendant Texas Eastern Overseas, Inc. ("TEO"), both of which are

22   opposed by Plaintiff AmeriPride: (1) a renewed motion for judgment

23   as a matter of law, pursuant to Fed. R. Civ. P. 50(B); and (2) a

24   motion to amend or alter the judgment, pursuant to Fed. R. Civ. P.

25   59(E).   See Def's Mots., ECF Nos. 923, 924.

26        Also pending before the court is Plaintiff's motion for an

                                      1

order directing Defendant TEO to assign to AmeriPride causes of action and rights to payment owned by TEO, brought pursuant to Cal. Civ. Proc. § 708.510. <u>See</u> Pl's Mot, ECF No. 928. Defendant TEO opposes Plaintiff's motion.

For the reasons provided herein, the court: (1) denies Defendant's renewed motion for a judgment as a matter of law; (2) denies Defendant's motion to amend or alter the judgment; and (3) grants Plaintiff's motion for an order assigning TEO's causes of action against its insurers, and resulting rights to payment.

**I.   TEO's Fed. R. Civ. P. 50(B) Renewed Motion for Judgment as a Matter of Law**

To "preserve its right to appeal the issue," Defendant TEO brings this renewed motion for a judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(b). Def's Mot., ECF No. 923. Defendant TEO argues that, contrary to the requirements of Section 113 of CERCLA, Plaintiff AmeriPride failed to show: (1) what portion, if any, of the settlements that it paid to Cal-Am and Huhtamaki were for reimbursement of monies paid by Huhtamaki or Cal-Am to supply replacement water; and (2) that the replacement water was needed to protect human health or the environment. Thus, TEO seeks reversal of the court's ruling that AmeriPride was entitled to contribution from TEO for the $10.25 million that AmeriPride paid in settlement to Huhtamaki and Cal-Am Water, Co.

Federal Rule of Civil Procedure 50 applies to cases tried before a jury and is, therefore, not applicable to this case. <u>See</u> Fed. R. Civ. P. 50. Although a party may move for judgment as

2

1  a matter of law during a bench trial, pursuant to Federal Rule of

2  Civil Procedure 52(c), Rule 52(c) motions are properly brought

3  before the close of evidence.[1]  Evidence has closed in this case.

4  Because Defendant TEO lacks a procedural basis for bringing this

5  motion, Defendant's motion is denied.

6  **II.   TEO's Fed. R. Civ. P. 59(E) Motion to Amend or Alter the**

7  **Judgment**

8       Defendant TEO brings this motion to amend or alter the

9  judgment, pursuant to Federal Rule of Civil Procedure 59(e).  Def's

10  Mot., ECF No. 924.  Defendant argues that the court incorrectly

11  credited the settlement monies received by AmeriPride, from

12  Chromalloy and Petrolane, by subtracting the settlement amount

13  received ($3.25 million) from the total costs to be apportioned

14  between TEO and AmeriPride and, as a result, AmeriPride will pay

15  only 41% of the clean up costs, as opposed to the 50% of clean up

16  costs for which the court determined AmeriPride was responsible.

17  TEO requests that the court amend the judgment to apply the $3.25

18  million settlement credit after, instead of before, apportioning

19  liability.

20       Under Federal Rule of Civil Procedure 59(e), a party may move

21  to have the court amend its judgment within twenty-eight days after

22  _____

23       [1] Federal Rule of Civil Procedure 52(c), entitled, "Judgment
on Partial Findings," provides: "If a party has been fully heard

24  on an issue during a nonjury trial and the court finds against the
party on that issue, the court may enter judgment against the party

25  on a claim or defense that, under the controlling law, can be
maintained or defeated only with a favorable finding on that issue.

26  The court may, however, decline to render any judgment until the
close of evidence."

1  entry of the judgment. Fed.R.Civ.P. 59(e). Although a district
2  court "enjoys considerable discretion in granting or denying the
3  motion," amending a judgment after its entry is "an extraordinary
4  remedy which should be used sparingly." Allstate Ins. Co. v.
5  Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v.
6  Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per
7  curiam)). A Rule 59(e) amendment may be appropriate where the
8  amendment is necessary to correct manifest errors of law or fact
9  upon which the judgment rests. Id.

10      In its prior order, the court calculated the total amount
11  subject to equitable apportionment by adding the following costs:

12      •   the $7,570,921 incurred by AmeriPride for investigation
13          and remediation costs through August 2010;

14      •   the $474,730 incurred by AmeriPride for regulatory
15          oversight costs through September 2010;

16      •   the $8,250,000 that AmeriPride paid to Huhtamaki to
17          settle all claims Huhtamaki had against AmeriPride;

18      •   the $2,000,000 that AmeriPride paid to Cal-Am Water to
19          settle all claims that Cal-Am Water Co. had against
20          AmeriPride;

21      •   the $446,656.84 paid by AmeriPride for investigation and
22          remediation at the AmeriPride site since August 2010;
23          and

24      •   the $16,604.52 paid by AmeriPride for regulatory
25          oversight of the AmeriPride site since January 2011.

26  Order, ECF No. 915, at 8, 11. The sum of these amounts is

4

1   $18,758,912.36.

2       Before apportioning liability, the court subtracted the

3   $3,250,000 that AmeriPride received in settlements from Chromalloy

4   and Petrolane because "[b]oth settlements related to the pollution

5   at issue in the instant case" and "defendants are entitled to a

6   credit for those sums."  Id.  Thus, the court found that the total

7   amount subject to equitable apportionment was $15,508,911.52.  Id.

8   at 11.[2]  The court further determined that, given the facts as the

9   court found them, "the fairest apportionment [wa]s to divide

10  responsibility equally" between the parties and, therefore, each

11  party was responsible for $7,754,456.18 of the costs expended thus

12  far, excluding the interest on these past costs, for which the

13  court found TEO additionally responsible.  Id. at 14.

14      If, as Defendant TEO suggests, the court applies the $3.25

15  million settlement credit after, as opposed to before, apportioning

16  liability, the calculation proceeds as follows:

17  •   The initial amount calculated subject to equitable

18      apportionment is $18,758,912.36.  When divided equally

19      between the parties, each party becomes initially liable

20      for $9,379,456.18.

21  •   Because the court found that each party is responsible

22      for 50% of the damages, the $3.25 million that

23      AmeriPride received in settlements from Chromalloy and

24

25      [2] Upon recalculation, the court notes that it made a minor
    calculation error in this regard; this number should properly be
26  $15,508,912.36--a difference of 84 cents.

5

1         Petrolane is split in half, such that each party

2         receives the benefit of one-half of the $3.25 million

3         received by AmeriPride.[3]  Half of $3.25 million is

4         $1,625,000.

5      •   Diminishing each parties initial liability of

6         $9,379,456.18 by $1,625,000 results in each party being

7         ultimately liable for $7,754,456.18, exclusive of

8         interest.  Because AmeriPride's costs have already been

9         expended, the result of this calculation is that TEO is

10        liable to AmeriPride for $7,754,456.18, not including

11        interest.

12  That is, the court reaches the same number when taking the $3.25

13  million settlement received by AmeriPride into account both before

14  and after apportioning liability.

15      Defendant TEO's alternative calculation appears to be premised

16  on the assumption it should be credited 100% of the benefits

17  received by AmeriPride from its settlement with Chromalloy and

18  Petrolane.  That is, from the initial $9,379,456.18 allocation of

19  costs between the parties, TEO requests that the court reduce TEO's

20  portion by the full $3.25 million, which would result in TEO being

21  allocated a "$6,129,456.18 share of incurred costs."  Def's Mot.,

22  ECF No. 924, at 3.  Defendant argues that, if "AmeriPride receives

23

24      [3] This 50% allocation of the benefit AmeriPride received
    through settlement is fair and proper, given that the amounts that
25  AmeriPride paid in settlements to Huhtamaki and Cal-Am Water Co.
    were included in the initial costs, the burden of which was also
26  be split equally between the parties.

1  a credit for half the $3.25 million for which it was already

2  reimbursed," such an allocation would constitute "double

3  reimbursement because AmeriPride already received the full benefit

4  of these settlement monies." Id. at 6.  Defendant appears to be

5  arguing that, instead of AmeriPride receiving half the benefit of

6  the original $3.25 million settlement, TEO should receive the full

7  benefit of those settlement monies, despite the court's equal

8  allocation of responsibility between the parties.

9      TEO's reference to Boeing Co. v. Cascade Corp., 207 F.3d 1177,

10  1190 (9th Cir. 2000), works against TEO's own argument.  In Boeing,

11  the Ninth Circuit determined that the district court incorrectly

12  "double counted" settlement monies received by plaintiff when the

13  district court deducted the settlement from plaintiff's total

14  expenditure before applying the 70:30 allocation of responsibility

15  between the parties, because the district court's calculation

16  failed to split the settlement monies received according to the

17  70:30 allocation as well. See id. ("[T]here was a failure to count

18  once the $2.5 million [collected by plaintiff in settlement],

19  because the district court did not split that portion of the

20  response costs 70:30.").  Here, however, the court has split the

21  $3.25 million received by AmeriPride in settlement according to the

22  court's determined equal allocation of responsibility between the

23  parties and, thus, neither party receives more of a benefit from

24  AmeriPride's settlement with Chromalloy and Petrolane than the

25  other.

26      The court considers its allocation of   settlement monies

1   received by AmeriPride, from Chromalloy and Petrolane, to be a fair
2   and equitable apportionment between the parties.   Thus, Defendant's
3   Rule 59(e) motion to amend or alter the judgment, ECF No. 924, is
4   denied.

5   **III. AmeriPride's Cal. Civ. Proc. § 708.510 Motion for TEO's**
6   **Assignment of Causes of Action and Rights to Payment**

7        In  Plaintiff  AmeriPride's  motion,  brought  pursuant  to
8   California Civil Procedure Code § 708.510, Plaintiff requests that
9   the court issue an order directing Defendant TEO to assign to
10   AmeriPride: (1) TEO's cause of action, and resulting right to
11   payment, against Central National for breach of contract under the
12   insurance  policy  issued  by  Central  National  Insurance  Company
13   ("Central National"); (2) TEO's cause of action, and resulting
14   right  to  payment,  against  Central  National  for  breach  of  the
15   covenant of good faith and fair dealing; (3) TEO's cause of action,
16   and resulting right to payment, against Granite State Insurance
17   Company ("Granite State") for breach of contract under one or more
18   excess comprehensive general liability policies; and (4) TEO's
19   cause of action, and resulting right to payment, against Granite
20   State for breach of the covenant of good faith and fair dealing.
21   Pl's Mot., ECF No. 928.

22        **A. Standard for § 708.510 Motion Assigning Causes of Action**
23        **and Resulting Rights to Payment**

24        Whether Plaintiff is entitled to an assignment order is
25   governed by Federal Rule of Civil Procedure 69(a)(1), which in turn
26   makes California law applicable.   Fed.R.Civ.P. 69(a)(1).

8

1    California Code of Civil Procedure § 708.510 is the relevant

2    state law articulating the requirements for obtaining an assignment

3    of rights.   It provides, in relevant part:

> Except as otherwise provided by law, upon
> application of the judgment creditor on noticed
> motion, the court may order the judgment debtor to
> assign to the judgment creditor . . . all or part
> of a right to payment due or to become due, whether
> or not the right is conditioned on future
> developments, including but not limited to the
> following types of payments:
> (1) Wages due from the federal government that are
> not subject to withholding under an earnings
> withholding order.
> (2) Rents.
> (3) Commissions.
> (4) Royalties.
> (5) Payments due from a patent or copyright.
> (6) Insurance policy loan value.

13   Cal.Civ.Proc. § 708.510.

14   Although the court may take into consideration all relevant

15   factors in determining whether to grant a motion for assignment,

16   the sole constraints placed on the court are that the right to

17   payment be assigned only to the extent necessary to satisfy the

18   creditor's money judgment and that, where part of the payments are

19   exempt, the amount of payments assigned should not exceed the

20   difference between the gross amount of the payments and the exempt

21   amount.   Passport Health Inc. v. Travel Med, Inc., No. 2:09-cv-

22   01753, 2012 WL 1292473, at *3 (E.D. Cal. April 16, 2012) (citing

23   Sleepy Hollow Inv. Co. No. 2 v. Prototek, Inc., No. 03-cv-4792,

24   2006 WL 279349, at *2 (N.D. Cal. Feb. 3, 2006); Cal. Civ. Proc. §

25   708.510(d)).   The California Legislature explained in creating §

26   708.510 that it "provides a new procedure for reaching certain

9

forms of property that cannot be reached by levy under writ of execution . . . . It also provides an optional procedure for reaching assignable forms of property that are subject to levy . . . . This remedy may be used alone or in conjunction with other remedies provided in this title for reaching rights to payment. . . . " UMG Recordings, Inc. v. BCD Music Group, Inc., No. 07-cv-5808, 2009 WL 2213678, at *2 (C.D. Cal. July 9, 2009) (citing Legislative Committee Comment to Cal. Civ. Proc. § 708.510).

The plain language of § 780.510 contemplates that an assignment order can be based on contingent rights. Greenbaum v. Islamic Republic of Iran, 782 F.Supp.2d 893, 896 (C.D. Cal. 2008). As set forth below, California law indicates that these contingent rights include causes of action, the success of which remain undetermined.

In California, a "chose in action," also known as a "thing in action," is statutorily defined as "a right to recover money or other personal property by a judicial proceeding." Baum v. Duckor, Spradling & Metzger, 72 Cal.App.4th 54, 64 (Cal.Ct.App. 1999) (citing Cal. Civ. Code § 953). Underlying California case law is the basic rule that assignability of "things in action" is the rule; nonassignability is the exception, and is confined to wrongs done to the person, the reputation, or the feelings of the injured party, and to contracts of a purely personal nature, like promises of marriage. Id. at 65 (citing Goodley v. Wank & Wank, Inc., 62 Cal.App.3d 389 (Cal.Ct.App. 1976)). Put another way, causes of action against an insurer of a non-personal nature, as well as

1  damages arising therefrom of a non-personal nature (e.g., not

2  arising from personal torts) are considered assignable in

3  California.  See Essex Ins. Co. v. Five Star Dye House, Inc., 38

4  Cal.4th 1252, at 1261, 1263 (Cal. 2006).

5      Indeed, California statutes provide that "all property of a

6  judgment debtor is subject to enforcement of a money judgment,"

7  Cal. Civ. Proc. Code § 695.010; "'[p]roperty' includes . . .

8  personal property and any interest therein," Cal. Civ. Proc. Code

9  § 680.310; "'[p]ersonal property' includes . . . intangible

10 personal property," Cal. Civ. Proc. Code § 680.290; and "'[g]eneral

11 intangible' . . . includ[es] things in action," Cal. Civ. Proc.

12 Code § 680.210; Cal. Com. Code § 9102(42); see also Cal. Civ. Proc.

13 Code § 17(b)(3) ("The words 'personal property' include . . .

14 things in action").

15     The granting of an assignment order functions as, essentially,

16 a placeholder for a judgment creditor; when the judgment creditor

17 seeks to actually enforce his rights against an obligor, an obligor

18 may then raise any relevant defenses against such enforcement.

19 Greenbaum, 782 F.Supp.2d at 895.

20     Detailed evidentiary support is not required under section

21 708.510, but some evidentiary support is still needed; section

22 708.510 refers to a "payment due or to become due," which suggests

23 some degree of concreteness to the expected payment is required.

24 Legal Additions LLC v. Kowalski, No. 08-cv-2754, 2011 WL 3156724,

25 at *2 (N.D. Cal. July 26, 2011).  Certainly, there needs to be more

26 than just speculation before the remedy of an assignment can be

1    provided.   <u>Id.</u>

2        **B. Analysis**

3        Judgment was entered for Plaintiff AmeriPride, and against

4    Defendant TEO, on April 20, 2012.  Order, ECF No. 915.  Plaintiff

5    has submitted a declaration and evidence indicating that Plaintiff

6    demanded payment of the judgment on June 28, 2012, and that neither

7    Defendant TEO nor its liability insurers have paid monies to

8    AmeriPride toward satisfaction of the judgment.  Zagon Decl., ECF

9    No. 928, Att. 2.

10       The notice of motion was served on Defendant TEO by electronic

11   filing and by email.  <u>See</u> Proof of Service, ECF No. 928, Att. 4.

12   Although § 708.510(b) requires that notice of the motion be served

13   on the judgment debtor "personally or by mail," TEO has opposed

14   Plaintiff's motion and has not contested the propriety of service.

15   The court finds that the motion and related papers were properly

16   served.

17       Additionally, the court determines Defendant TEO has claims

18   against its liability insurers that are more than merely

19   speculative.  The court need not opine on the merits of those

20   claims for purposes of this motion.  <u>See</u> <u>Greenbaum</u>, 782 F.Supp.2d

21   at 895.  Because non-personal causes of action are assignable under

22   California law, and neither TEO's causes of action against its

23   liability insurers, nor any damages arising from those causes of

24   action, are personal in nature, the court grants Plaintiff

25   ////

26   ////

1  AmeriPride's motion for assignment.[4]

2  **IV. Conclusion**

3      Accordingly, the court: (1) DENIES Defendant's renewed motion

4  for a judgment as a matter of law, ECF No. 923; (2) DENIES

5  Defendant's motion to amend or alter the judgment, ECF No. 924; and

6  (3) GRANTS Plaintiff's motion for an order assigning TEO's causes

7  of action against its insurers, and resulting rights to payment,

8  ECF No. 928.

9

10      [4] Defendant TEO cites a number of cases which the court
11  distinguishes from the situation here presented for the reasons
    provided below.
12      Quaestor Investments, Inc. v. State of Chiapas, No. 95-6723,
    1997 WL 34618203 (C.D. Cal. Sept. 2, 1997) addressed the question
13  of whether, under California law, the plaintiff could be assigned
    rights to payment from the State of Chiapas's account with a
14  Mexican bank having a branch in California.  In determining that
    such a right was not assignable under § 708.510, the court in
15  Quaestor was particularly concerned by plaintiff's failure to show
    that any tangible asset of the defendant was "in" the United
16  States.  Id. at *7.  The case at hand does not address the question
    of whether the property of a foreign state has assets sufficiently
17  located within the United States to be levied upon.  That is,
    Defendant's causes of action against its insurers are not protected
18  by the "barrier of foreign sovereign immunity" at issue in
    Quaestor.  Moreover, subsequent to Quaestor, the California Supreme
19  Court indicated that non-personal causes of action against
    insurers, and non-personal damages arising therefrom, are generally
20  assignable.  See Essex Ins. Co., 38 Cal.4th at 1263.  Thus, the
    court declines to apply the rules provided by Quaestor to the
21  motion here presented.
        The court's determination, in Chooljian Bros. Packing Co.,
22  Inc. v. Tilson, No. 1:08-cv-42, 2009 WL 111909 (E.D. Cal. 2009),
    that the plaintiffs could not gain title to trademarks for the
23  plaintiff's own use, is also inapposite.  The rule in Chooljian
    coheres with a longstanding tenet of California patent law that
24  carves an exception from the general assignability of rights of
    action for the "fruits of a man's own invention."  See, e.g.,
25  Pacific Bank v. Robinson, 7 P.C.L.J. 392, 57 Cal. 520, 524 (Cal.
    1881) (internal citations omitted).  No such fruits are at issue
26  here and Defendant's reliance on      Chooljian is, therefore,
    misplaced.

1    The following rights are assigned by TEO to AmeriPride:

2    •    TEO's cause of action, and resulting right to payment,

3         against Central National for breach of contract under

4         the insurance policy issued by Central National

5         Insurance Company ("Central National"), policy number

6         GLA 751305;

7    •    TEO's cause of action, and resulting right to payment,

8         against Central National for breach of the covenant of

9         good faith and fair dealing;

10   •    TEO's cause of action, and resulting right to payment,

11        against Granite State Insurance Company, and AIG

12        affiliated company, ("Granite State") for breach of

13        contract under one or more excess comprehensive general

14        liability policies, policy nos. 6178-0360 (June 2, 1978-

15        June 2, 1979); 6179-1308 (June 2, 1979-June 2, 1980);

16        6180-2185 (June 2, 1980-June 2, 1981); 6181-3019 (June

17        2, 1981-June 2, 1982); and 6182-3654 (June 2, 1982-June

18        2, 1983) issued by Granite State (the "Granite State

19        Policies"); and,

20   •    TEO's cause of action, and resulting right to payment,

21        against Granite State for breach of the covenant of good

22        faith and fair dealing.

23   The assignment is only to the extent necessary to satisfy

24   Plaintiff's money judgment and interest accrued thereunder.

25   IT IS SO ORDERED.

26   DATED: September 6, 2012.

14

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26