PHILIP C. HUNSUCKER (SBN 135860)
BRIAN L. ZAGON (SBN 142403)
MARC SHAPP (SBN 266805)
HUNSUCKER GOODSTEIN PC
3717 Mt. Diablo Blvd., Suite 200
Lafayette, CA 94549
Telephone:   (925) 284-0840
Facsimile:   (925) 284-0870

LEE N. SMITH (SBN 138071)
PERKINS, MANN & EVERETT, APC
7815 N. Palm Ave, Suite 200
Fresno, CA 93711
Telephone:   (559) 447-5700
Facsimile:   (559) 447-5600

Attorneys for Plaintiff
AMERIPRIDE SERVICES INC.

FRED M. BLUM, ESQ. (SBN 101586)
ERIN K. POPPLER, ESQ. (SBN 267724)
VIVY D. DANG, ESQ. (SBN 297714)
BASSI, EDLIN, HUIE & BLUM LLP
500 Washington Street, Suite 700
San Francisco, CA 94111
Telephone:   (415) 397-9006
Facsimile:   (415) 397-1339

Attorneys for Defendant
TEXAS EASTERN OVERSEAS, INC.
[Additional Attorneys Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERIPRIDE SERVICES INC., a Delaware corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>VALLEY INDUSTRIAL SERVICES, INC., a former California Corporation, et al.<br><br>         Defendants.<br><br>AND CONSOLIDATED ACTION AND CROSS AND COUNTER-CLAIMS. | Case No. CIV. 2-00-113 MCE-DB<br><br>**STIPULATION AND ORDER REGARDING PROCEDURE FOR SUBMITTING DEPOSITION TESTIMONY AT TRIAL**<br><br>.<br><br>Trial Date: October 17, 2016<br>Complaint Filed: January 20, 2000 |

Plaintiff AMERIPRIDE SERVICES INC. ("AmeriPride") and Defendant TEXAS EASTERN OVERSEAS, INC. ("TEO"), by and through their respective counsel, stipulate with respect to the procedure for submitting deposition testimony at trial, as follows:

**RECITALS**

1. Following remand from the Ninth Circuit Court of Appeals, the Court issued its July 20, 2015 Pretrial Scheduling Order ("Order").  Dkt. 988.[1]  The Court subsequently issued a Minute Order continuing the trial date and deadlines for pretrial submissions ("Minute Order").  Dkt. 1024.

2. Pursuant to the Order and the Minute Order, the Court has set a one (1) day bench trial for Monday, October 17, 2016.

3. To expedite the trial, the Parties have stipulated that deposition testimony given in this civil action, including any civil action with which this civil action has been consolidated, may be used at trial in lieu of calling a live witness.

4. As required by the Order and pursuant to Local Rule 281, the Parties will list all witnesses they propose to offer at trial in the Joint Pretrial Conference Statement.

5. The parties will provide notice of their intent to call any witness listed on their respective witness lists by deposition no later than 7 days after the final pretrial conference.

6. Designation of deposition testimony will be as follows:
    a. Within fifteen (15) days of giving notice of intent to call a witness by deposition, the party proposing to call a witness by deposition shall designate those portions of the deposition testimony and any deposition exhibits discussed within those portions;
    b. Twenty-one (21) days later, the other party shall file and serve counter designations of deposition testimony and deposition exhibits, along with any objections to the designated deposition testimony and exhibits;

---

[1] "Dkt." Refers to the Court's ECF Docket number for this case.

  c. As used herein, the term "counter designations" means any testimony from the same deposition as the designated testimony. The counter designation need not otherwise rebut, contradict, or otherwise relate to the designated testimony;

  d. Any responses to objections to the designated testimony and/or exhibits and any objections shall be served and filed 14 days thereafter; and

  e. Any responses to the objections to the counter designated testimony and/or exhibits shall be served and filed 7 days thereafter.

7. The designation by any party of its intent to utilize the deposition testimony of a witness shall not prohibit any party from calling that witness to testify live at trial, provided the live testimony is not cumulative.

8. The Parties stipulate that deposition exhibits discussed within designated deposition testimony must be designated in accordance with the schedule outlined in Paragraph 5 of this stipulation. However, nothing in this stipulation shall preclude the Parties from designating deposition exhibits on its Exhibit List addenda to the Joint Pretrial Statement.

9. The Parties have agreed to jointly file deposition transcripts with the Court which contain color-coded designations as follows:

  a. AmeriPride's initial designations are denoted by red boxes surrounding the test of the initial designation;

  b. TEO's initial designations are denoted by blue boxes surrounding the text of the initial designation;

  c. AmeriPride's counter designations are denoted by red lines underlining the text of the counter designation; and

  d. TEO's counter designations are denoted by blue lines underlining the text of the counter designation.

10. The Parties agree that the trial should proceed as efficiently as possible.

STIPULATION AND ORDER REGARDING PROCEDURE FOR SUBMITTING DEPOSITION TESTIMONY AT TRIAL

1  11. The Parties agree that submitting designated deposition testimony to the Court will help the trial proceed more efficiently than calling live witnesses and/or reading such testimony into the record.

12. The Parties respectfully request Court approval of the outlined schedule and procedure for submitting deposition testimony at trial in lieu of calling a live witness.

13. Good cause exists for the Court to grant the Parties' request because it will: (1) facilitate a more efficient trial; (2) encourage efficient pre-trial activities between the Parties (3) will not prejudice the Parties or the Court and will not delay the case; and (4) will not alter or affect the Parties' compliance with any other requirements in the Court's Pretrial Scheduling Order.

**STIPULATION**

Based on the foregoing, the Parties stipulate as follows:

1. The Parties agree that they will comply with the procedures set forth above;

2. All designations and counter designations of deposition testimony, and exhibits discussed within the designated testimony, unless subject to an objection that was sustained by the Court, will be admitted into evidence and become part of the official court record for the trial; and

3. Objections to deposition testimony or deposition exhibits shall be raised according to the procedures set forth above; however, nothing in this stipulation shall alter the Court's requirements for raising objections to deposition testimony.

Date:   August 8, 2016                    BASSI, EDLIN, HUIE & BLUM LLP


By:   /s/ Fred M. Blum
        FRED M. BLUM
        ERIN K. POPPLER
        Attorneys for Defendant
        TEXAS EASTERN OVERSEAS, INC.

| | |
|---|---|
| Date:   August 8, 2016 | WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP |

By:   /s/ Edward P. Garson
    EDWARD P. GARSON (SBN 96786)
    VINCENT J. ADAMS (SBN 249696)
    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
    525 Market Street, 17th Floor
    San Francisco, California 94105-2725
    Telephone: (415) 433-0990
    Facsimile:  (415) 434 1370
    Attorneys for Defendant
    TEXAS EASTERN OVERSEAS, INC.

Date:   August 8, 2016         HUNSUCKER GOODSTEIN PC

By:   /s/ Brian L. Zagon
    PHILIP C. HUNSUCKER
    BRIAN L. ZAGON
    MARC A. SHAPP
    Attorneys for Plaintiffs
    AMERIPRIDE SERVICES INC.

Date:   August 8, 2016         PERKINS MANN & EVERETT, APC

By:   /s/ Lee N. Smith
    LEE N. SMITH
    Attorneys for Plaintiffs
    AMERIPRIDE SERVICES INC.

**ORDER**

The parties' stipulation regarding the use of deposition testimony at trial (ECF No. 1057) is hereby adopted as an order of this Court.

IT IS SO ORDERED.

Dated: August 10, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE