UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIPRIDE SERVICES, INC., | No.  2:00-cv-00113-MCE-EFB |
| Plaintiff, | |
| v. | **ORDER** |
| VALLEY INDUSTRIAL SERVICES, INC., a former California corporation, et al., | |
| Defendants. | |

On July 13, 2016, the Court granted summary judgment in favor of Defendant Texas Eastern Overseas, Inc. ("TEO") on the question of whether Petrolane, Inc. ("Petrolane"), a former defendant in this Comprehensive Environmental Remediation, Contamination, and Liability Act ("CERCLA") action, is potentially liable for a percentage of AmeriPride Services, Inc.'s ("AmeriPride") response costs in this action.  ECF No. 1039 at 16.  Specifically, the Court determined that there "is no genuine dispute of material fact that the sale of VIS' assets to Petrolane was a de facto merger."  Id. Presently before the Court is AmeriPride's Motion for Reconsideration under Federal Rule of Civil Procedure 59(e).  ECF No. 1045.  Plaintiff's Motion is DENIED for the following reasons.

///

1    A motion for reconsideration is properly brought pursuant to either Federal Rule of
2 Civil Procedure 59(e) or Rule 60(b).  Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989).
3 A motion for reconsideration is treated as a Rule 59(e) motion if filed within twenty-eight
4 days of entry of judgment, but as a Rule 60(b) motion if filed more than twenty-eight
5 days after judgment.  See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248
6 F.3d 892, 898-99 (9th Cir. 2001).  A motion may be construed as a Rule 59 motion even
7 though it is not labeled as such, or not labeled at all.  Taylor, 871 F.2d at 805.  Since this
8 motion is seeking reconsideration of a final judgment and was timely filed, the Court will
9 treat it as a Rule 59(e) motion.

10    A court should be loath to revisit its own decisions unless extraordinary
11 circumstances show that its prior decision was clearly erroneous or would work a
12 manifest injustice.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817
13 (1988).  This principle is embodied in the law of the case doctrine, under which "a court
14 is generally precluded from reconsidering an issue that has already been decided by the
15 same court, or a higher court in the identical case."  United States v. Alexander,
16 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.
17 1993)).  Nonetheless, in certain limited circumstances, a court has discretion to
18 reconsider its prior decisions.

19    While Rule 59(e) permits a district court to reconsider and amend a previous
20 order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of
21 finality and conservation of judicial resources.'"  Kona Enter., Inc. v. Estate of Bishop,
22 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's
23 Federal Practice § 59.30(4) (3d ed. 2000)).  Indeed, a district court should not grant a
24 motion for reconsideration "absent highly unusual circumstances, unless the district court
25 is presented with newly discovered evidence, committed clear error, or if there is an
26 intervening change in the controlling law."  389 Orange St. Partners v. Arnold, 179 F.3d
27 656, 665 (9th Cir. 1999) (citing School Dist. No. 1J v. AcandS, Inc., 5 F.3d 1255, 1263
28 (9th Cir. 1993)).  Mere dissatisfaction with the court's order, or belief that the court is

wrong in its decision, is not grounds for relief under Rule 59(e).  Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Finally, motions for relief from judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district court.  Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

In order to succeed, a party making a motion for reconsideration pursuant to Rule 59(e) must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Pritchen v. McEwen, No. 1:10-cv-02008-JLT HC, 2011 WL 2115647, at *1 (E.D. Cal. May 27, 2011) (citing Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987)).  A motion for reconsideration should not be used to raise arguments or present evidence for the first time when the arguments or evidence could reasonably have been raised earlier in the litigation.  389 Orange St. Partners, 179 F.3d at 665.

Furthermore, "courts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment."  Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also Taylor, 871 F.2d at 805.  This position stems from the district courts' "concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009 (internal citations omitted).  Rule 59(e) and motions for reconsideration are therefore not intended to "give an unhappy litigant one additional change to sway the judge."  Frito-Lay of P.R., Inc. v. Canas, 92 F.R.D. 384, 390 (D.P.R. 1981) (quoting Durkin v. Taylor, 444 F. Supp. 226, 233 (N.D. Ohio 1967)).

///

Neither of AmeriPride's assertions of clear error in the Court's treatment of Petrolane's liability for response costs are extraordinary, dispositive, or persuasive. For the first error of fact, AmeriPride argues that because the Agreement of Sale of Assets and Plan of Reorganization ("Agreement") was between Valley Industrial <u>Laundry</u>, Inc. ("VIL") rather than Valley Industrial Services, Inc. ("VIS"), there could not have been a de facto merger between Petrolane and VIS. This argument focuses on a single piece of the transaction at issue instead of taking the holistic approach required by law. <u>See</u> ECF No. 1039 at 15-16. Although the Court mistakenly identified VIS as the seller corporation rather than VIL, that mistake was not outcome-determinative. VIL created VIS as a subsidiary and transferred all of its assets to VIS. VIL was to then sell its VIS stock to Petrolane in exchange for shares of Petrolane and dissolve. ECF No. 1021-8 at 89.

AmeriPride contends that VIS' former shareholders could not have become a constituent part of Petrolane because VIS' only former shareholder was VIL, which dissolved. That argument lacks merit for two reasons. First, although the continuity of shareholders is considered the most important factor in evaluating the occurrence of a de facto merger, it is not dispositive. ECF No. 1039 at 15. Second, from a practical perspective, VIL's shareholders owned VIS through their ownership of VIL. That VIL ultimately dissolved does not change the fact that the shareholders who indirectly owned VIS through their ownership of VIL effectively became a constituent part of Petrolane. To hold otherwise would undermine the equitable nature of the de facto merger doctrine. <u>See</u> <u>id.</u> Functionally, Petrolane acquired VIS' assets, assumed VIS' normal business operations, and did so by paying for VIS stock with its own stock such that "VIS' former shareholders became a constituent part of Petrolane." ECF No. 1039 at 16. The fact VIL was technically the seller corporation does not affect the Court's analysis that a de facto merger occurred.

AmeriPride's second assertion of clear error is similarly misplaced. Pointing to the fact that Undisputed Fact No. 7 of this Court's first Final Pretrial Order states that "[i]n

1972, all of the stock of VIS, Inc. was sold to Petrolane[,]" AmeriPride contends that the Court's statement that "Petrolane paid for VIS' assets with shares of Petrolane stock" constitutes a clear, dispositive error.

AmeriPride's argument fails because Undisputed Fact No. 7 does not conflict with the Court's finding that Petrolane used its stock to pay for VIS' assets.  As the Court explained, the Agreement clearly identifies itself as an asset purchase agreement.  ECF No. 1039 at n.5.  The fact that all of VIS' stock was sold to Petrolane does not prevent the Court from finding that Petrolane's goal in purchasing the stock was to acquire VIS' assets.  To hold otherwise would allow technicalities of form to triumph over CERCLA's broad remedial purpose.  AmeriPride's Motion (ECF No. 1045) is therefore DENIED.

IT IS SO ORDERED.

Dated:  August 30, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE