PHILIP C. HUNSUCKER (SBN 135860)
BRIAN L. ZAGON (SBN 142403)
MARC SHAPP (SBN 266805)
HUNSUCKER GOODSTEIN PC
3717 Mt. Diablo Blvd., Suite 200
Lafayette, CA 94549
Telephone:  (925) 284-0840
Facsimile:   (925) 284-0870

LEE N. SMITH (SBN 138071)
PERKINS, MANN & EVERETT, APC
7815 N. Palm Ave, Suite 200
Fresno, CA 93711
Telephone:  (559) 447-5700
Facsimile:   (559) 447-5600

Attorneys for Plaintiff
AMERIPRIDE SERVICES INC.

FRED M. BLUM, ESQ. (SBN 101586)
ERIN K. POPPLER, ESQ. (SBN 267724)
VIVY D. DANG, ESQ. (SBN 297714)
BASSI, EDLIN, HUIE & BLUM LLP
500 Washington Street, Suite 700
San Francisco, CA 94111
Telephone:  (415) 397-9006
Facsimile:   (415) 397-1339

Attorneys for Defendant
TEXAS EASTERN OVERSEAS, INC.

**FILED**

OCT 19 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERIPRIDE SERVICES INC., <br><br> Plaintiffs, <br><br> vs. <br><br> VALLEY INDUSTRIAL SERVICES, INC., a former California corporation, et al., <br><br> Defendants. | Case No. 2:00-cv-00113-MCE-DB <br><br> **FURTHER STIPULATION AND ORDER REGARDING THE SUBMITTAL OF DESIGNATED DEPOSITION TESTIMONY AT TRIAL** <br><br> Trial Date:  October 17-19, 2016 <br> Time:  9:00 a.m. <br> Courtroom:  7 <br> Judge:  Hon. Morrison C. England, Jr. <br><br> Complaint Filed: January 20, 2000 |

Plaintiff AMERIPRIDE SERVICES INC. ("AmeriPride") and Defendant TEXAS EASTERN OVERSEAS, INC. ("TEO") (collectively, the "Parties"), by and through their respective counsel, stipulate with respect to the submittal of deposition testimony at trial, as follows:

**RECITALS**

1. Pursuant to the Final Pretrial Order, the Court has set a three (3) day bench trial for Monday, October 17, 2016 through Wednesday, October 19, 2016.

2. To expedite the trial, the Parties previously stipulated to a procedure for submitting deposition testimony at trial. Dkt. 1058.[1] The Parties' stipulation was adopted as an order of this Court on August 10, 2016 (the "Order"). Id.

3. In addition to the stipulations previously agreed upon in the Order, the Parties further stipulate that, for purposes of the trial, deposition testimony will have the same effect as live testimony and will be treated as live testimony.

4. In the interest of facilitating an efficient trial, the Parties agree that there needs to be a procedure for admitting the designated testimony and the designated deposition exhibits into evidence, but are unable to agree on a procedure to recommend to the Court. The Parties will defer to the Court on the first day of trial.

5. Since this action was first filed, there have been over thirty (30) depositions taken in this consolidated action. A large number of the depositions were taken between 2003 and 2006. As a result, some of the court reporters are no longer in business or no longer have the files upon which to prepare a certified copy of the deposition and exhibits. Further, as several parties have settled this matter, the original certified transcripts have been difficult to locate. The Parties therefore stipulate to permit the use of non-certified deposition transcripts at trial. This stipulation does not eliminate any objection to the authenticity of the deposition previously made by the

---

[1] "Dkt." refers to the Court's ECF Docket number for this case.

1

FURTHER STIPULATION AND ORDER REGARDING THE SUBMITTAL OF DESIGNATED DEPOSITION TESTIMONY AT TRIAL
Case No. 2:00-cv-00113-MCE-DB

Parties pursuant to the requirements of the Final Pretrial Order and the Order.

6. Section 6(a) of the Order states that "[w]ithin fifteen (15) days of giving notice of intent to call a witness by deposition, the party proposing to call a witness by deposition shall designate those portions of the deposition testimony <u>and any deposition exhibits discussed within those portions</u>..." Dkt. 1058 (emphasis added). On September 2, 2016, in addition to designating deposition testimony, TEO designated certain deposition exhibits for use at trial and exchanged the designations with AmeriPride in accordance with Section 6(a) of the Order. On September 22, 2016, AmeriPride counter-designated certain deposition exhibits for use at trial in the event the Court allows the Parties to use deposition exhibits that were not included on the Parties' respective Exhibit Lists. <u>See</u> Dkt. 1066. Based on the Parties' understanding of the language of the Order and the Parties' shared intent in entering into it, the Parties did not list the designated deposition exhibits on their Exhibit List.

7. AmeriPride will not object to TEO's designated deposition exhibits on the basis that they were not listed on TEO's Exhibit List. AmeriPride does not waive any other objection by way of this agreement. At the trial, if the Court deems admissible a deposition exhibit designated by TEO, the Court may mark each such deposition exhibit as TEO's next trial exhibit in order.

8. TEO will not object to AmeriPride's designated deposition exhibits on the basis that they were not listed on AmeriPride's Exhibit List. TEO does not waive any other objection by way of this agreement. At the trial, if the Court deems admissible a deposition exhibit designated by AmeriPride, the Court may mark each such deposition exhibit as AmeriPride's next trial exhibit in order.

9. The Parties have agreed to jointly file and lodge one set of marked deposition transcripts and designated deposition exhibits for trial.

10. All of the deposition transcripts and designated deposition exhibits that are subject to the Order and this Stipulation are filed with the Court at Dkt. 1090 to 1090-27.

1. 11. Good cause exists for the Court to grant the request because: (1) the use of designated deposition testimony will facilitate a more efficient trial; (2) the agreement will encourage efficient pretrial activities between Parties; (3) the agreement will not prejudice the Parties or the Court and will not delay the case; and (4) the stipulation will not affect the Parties' compliance with any other requirements in the Court's Final Pretrial Order.

## STIPULATION

Based on the foregoing, AmeriPride and TEO request that:

1. For purposes of the trial, the Court shall treat designated deposition testimony of witnesses the same as live testimony;

2. The Court will permit the Parties to offer deposition exhibits into evidence notwithstanding that any such exhibit may not be included on the Parties' Exhibit Lists, however any other objections, including but not limited to lack of foundation or hearsay, are not waived and may be raised by the party opposed to the admission of any such exhibit;

3. The Court will mark any admitted deposition exhibit not previously identified on either party's Exhibit List as the offering party's next exhibit in order.

4. The Court will permit the use of non-certified deposition transcripts and deposition exhibits at trial.

Date: October 14, 2016              BASSI, EDLIN, HUIE & BLUM LLP


By: /s/ Fred M. Blum
FRED M. BLUM
ERIN K. POPPLER
Attorneys for Defendant
TEXAS EASTERN OVERSEAS, INC.

Date:   October 14, 2016					HUNSUCKER GOODSTEIN PC


					By:   /s/ Brian L. Zagon
					      PHILIP C. HUNSUCKER
					      BRIAN L. ZAGON
					      MARC A. SHAPP
					      Attorneys for Plaintiffs
					      AMERIPRIDE SERVICES INC.


Date:   October 14, 2016					PERKINS MANN & EVERETT, APC


					By:   /s/ Lee N. Smith
					      LEE N. SMITH
					      Attorneys for Plaintiffs
					      AMERIPRIDE SERVICES INC.


**ORDER**

IT IS SO ORDERED.

Date:   10·19·16

					HON. MORRISON C. ENGLAND, JR.
					UNITED STATES DISTRICT JUDGE

4

FURTHER STIPULATION AND ORDER REGARDING THE SUBMITTAL OF DESIGNATED DEPOSITION TESTIMONY AT TRIAL
Case No. 2:00-cv-00113-MCE-DB