PHILIP C. HUNSUCKER (SBN 135860)
BRIAN L. ZAGON (SBN 142403)
MARC SHAPP (SBN 266805)
HUNSUCKER GOODSTEIN PC
3717 Mt. Diablo Blvd., Suite 200
Lafayette, CA 94549
Telephone:   (925) 284-0840
Facsimile:   (925) 284-0870

LEE N. SMITH (SBN 138071)
PERKINS, MANN & EVERETT, APC
7815 N. Palm Ave, Suite 200
Fresno, CA 93711
Telephone:   (559) 447-5700
Facsimile:   (559) 447-5600

Attorneys for Plaintiff
AMERIPRIDE SERVICES INC.

FRED M. BLUM (SBN 101586)
ERIN K. POPPLER (SBN 267724)
VIVY D. DANG (SBN 297714)
BASSI, EDLIN, HUIE & BLUM LLP
500 Washington Street, Suite 700
San Francisco, CA 94111
Telephone:   (415) 397-9006
Facsimile:   (415) 397-1339

Attorneys for Defendant
TEXAS EASTERN OVERSEAS, INC.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIPRIDE SERVICES INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VALLEY INDUSTRIAL SERVICES, INC., a former California Corporation, et al.<br><br>Defendants.<br><br>AND CONSOLIDATED ACTION AND CROSS AND COUNTER-CLAIMS. | Case No. 2:00-cv-00113-MCE-DB<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Judge:  Hon. Morrison C. England, Jr.<br><br>Trial Date:  October 17-19 and November 15, 2016<br><br>Complaint Filed: January 20, 2000 |

Defendant TEXAS EASTERN OVERSEAS, INC. ("TEO") and Plaintiff AMERIPRIDE SERVICES INC. ("AmerPride"), by and through their respective counsel, stipulate as follows:

**STIPULATION**

1. During the recent trial in this matter, TEO requested and the Court agreed that the parties could brief their respective positions with respect to a recent settlement between AmeriPride and AIG, TEO's excess insurer.

2. The Court limited the briefing of each of the parties to ten pages, excluding exhibits, attachments, and other supporting documents. Each party may divide its briefing between an opening brief and a response brief, but the total may not exceed ten pages. Opening briefs are due on January 23, 2017. Response briefs, if any, are due on January 30, 2017.

3. The terms of the settlement agreement are confidential. The arguments anticipated to be in the briefing described in paragraphs 1 and 2 will involve the confidential terms of the settlement, ("Protected Material"), including Protected Material of a non-party. The parties desire to protect the confidentiality of such Protected Material.

4. This Stipulation is intended to apply not only to Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and, (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material, including legal briefs and supporting documents.

5. In order to maintain the confidentiality of Protected Material, the parties intend to file all briefs and supporting documents related to the arguments described in paragraphs 1-4 under requests to seal documents, pursuant to Local Rule 141.

6. Based on the foregoing, AmeriPride and TEO, through their respective counsel of record, request the Court enter a Protective Order as follows:

**STIPULATED PROTECTIVE ORDER**

1. During the recent trial in this matter, the Court ordered that the parties could brief their respective positions with respect to a recent settlement between AmeriPride and

AIG, TEO's excess insurer.

2. Each party's briefs shall not exceed ten pages, excluding exhibits, attachments, and other supporting documents. Each party may divide its briefing between an opening brief and a response brief, but the total may not exceed ten pages.

3. Opening briefs are due on January 23, 2017. Response briefs, if any, are due on January 30, 2017.

4. The terms of the settlement agreement are confidential. The parties shall maintain the confidentiality of the terms of the settlement agreement ("Protected Material").

5. This Order applies not only to Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and, (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material, including legal briefs and supporting documents.

6. Unless otherwise ordered by the Court, a party may reveal Protected Material to the Court and its personnel.

7. All legal briefs, exhibits, attachments, other supporting documents, or other filings by the parties made pursuant to this Order shall be filed under requests to seal documents, pursuant to Local Rule 141.

8. In the event that a party seeks to disclose the Protected Material of a non-party, the disclosing party shall promptly provide the non-party with a copy of this Protective Order, and a reasonably specific description of the Protected Material to be disclosed. If the non-party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the disclosing party may disclose the non-party's confidential information in compliance with the remainder of this Protective Order. If the non-party timely seeks a protective order, the disclosing party shall not disclose any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its Protected

1 | Material.

2 |     9.    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and, (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Date:   January 4, 2017        BASSI, EDLIN, HUIE & BLUM LLP

By:   /s/ Fred M. Blum
FRED M. BLUM
ERIN K. POPPLER
Attorneys for Defendant
TEXAS EASTERN OVERSEAS, INC.

Date:   January 4, 2017        HUNSUCKER GOODSTEIN PC

By:   /s/ Brian L. Zagon
PHILIP C. HUNSUCKER
BRIAN L. ZAGON
MARC A. SHAPP
Attorneys for Plaintiffs
AMERIPRIDE SERVICES INC.

Date:   January 4, 2017        PERKINS MANN & EVERETT, APC

By:   /s/ Lee N. Smith
LEE N. SMITH
Attorneys for Plaintiffs
AMERIPRIDE SERVICES INC.

# ORDER

Pursuant to the parties' stipulation, the Stipulated Protective Order submitted on January 4, 2017 with the parties' stipulation is hereby approved and issued.

IT IS SO ORDERED.

Dated: January 12, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on January 11, 2017 in the case of *AmeriPride Services Inc. v. Texas Eastern Overseas, Inc.*, Case No. 2:00-cv-00113-MCE-DB.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____